THE PEOPLE v. FAJARDO.

Appeal from the District Court of San Juan.

No. 270.—Decided December 19, 1910.

PRACTICE OF DENTISTRY BY PERSONS NOT AUTHORIZED TO DO SO—MISDEMEANOR.—
Since July 1, 1905, when the act providing for the organization of a Board
of Dental Examiners went into effect, any person performing a dental opera-
tion in the Island of Porto Rico and not duly authorized to practice den-
tistry, except physicians and surgeons having a right to practice their pro-
fession in this Island, is guilty of a misdmeanor.

ID.—SURGEONS—"PRACTICANTES."—A person having a title of "*practicante*"
cannot be considered as comprised within the class of "surgeons" referred
to in section 16 of aforesaid act, for the purpose of invoking in his favor the
exception established therein relative to the practice of dentistry, because
the term "surgeons," as employed in the act, has reference to those persons
who, in the practice of their profession, "treat wounds, deformities and af-
fections or disorders of the human body, by means of surgical operations or
surgical instruments and apparatus," and a *practicante* or minor surgeon is
not authorized to practice dentistry.

The facts are stated in the opinion.

Mr. *Eugenio Benítez Castaño* for appellant.

Mr. *Jesús M. Rossy, fiscal,* for respondent.

MR JUSTICE MACLEARY delivered the opinion of the court.

This is a prosecution for the illegal practice of dentistry.
On March 9, 1905, the Legislature of Porto Rico passed an
act providing for the organization of a board of dental exam-
iners. (See Laws of 1905, pp. 61 to 64.) By section 13 of this
act it was made a misdemeanor for any person to practice
dentistry in this Island in violation of the provisions of the
said act, and a penalty prescribed of a fine of not less than
$50 and not more than $200, or imprisonment for a period
not exceeding 90 days, or both such fine and imprisonment,
in the discretion of the court. It was further enacted that
any person should be deemed to be practicing dentistry, with-
in the meaning of the said act, who performs any work upon
or makes an examination of the human teeth or jaws, with
the purpose of performing or causing to be performed any

operation thereon, or who opens an office for such purpose, or announces to the public in any way an intention of practicing dentistry in any place in the Island of Porto Rico. (Sec. 14.) By section 16 of said act, licensed physicians and surgeons are not to be included within its provisions, and they are authorized to extract teeth or perform surgical operations at their usual office, residence, or within the vicinity of their ordinary practice, whenever in their judgment the same is necessary

. Since the day on which this act went into effect—that is to say, July 1, 1905—it has been illegal for any person, except a licensed physician or surgeon or a dentist qualified under said act, to perform any dental operation within the Island of Porto Rico. It seems to us that this prohibition might work a hardship in certain cases where no regular physician, surgeon or dentist can be readily called to the treatment of persons suffering from toothache or other similar complaints. But as the regulation of the practice of dentistry is within the power of the Insular Legislature, and they are fully authorized to make such a law, and as the mischief intended to be suppressed by such enactment is the practice of dentistry by persons not adequately equipped for the exercise of that profession, we are bound to follow the written law and to enforce it. We find from an examination of the record that the secretary of the Dental Association of Porto Rico, on November 12, 1908, swore to and presented an accusation to the *fiscal* of the district of San Juan, charging the accused with the commission of the offense prohibited by the aforesaid law, alleging that he, on the said day and anterior to said day, illegally practiced dental surgery without being properly authorized so to do.

A trial was duly had before the District Court of San Juan, at which the *fiscal* of the district court and the defendant, through his attorney, appeared, and the court, after hear-

ing the evidence offered and the argument of the parties, declared the defendant guilty of an infraction of the law heretofore mentioned, and on that account condemned him to pay a fine of fifty dollars ($50), or in default of such payment to pass fifty (50) days in jail.

From this judgment an appeal was duly taken to this court and a statement of facts is found in the record, in which appears all the proof offered during the trial. On an examination of all the evidence we are fully convinced that the infraction of the law just charged against the accused is complete. He undoubtedly had established in San Juan an office intended for the purpose of extracting teeth, and at the entrance thereof and of his house there appeared to be posted a card informing the public where he offered himself to practice this class of operations with all the necessary guarantees. It is further proved that the accused was not registered as a dentist in the office of the Board of Dental Examiners of Porto Rico. All of these facts were actually or tacitly admitted by the defendant; but he claims an exemption under section 16 of the act under which the prosecution is authorized, alleging that he is a *practicante,* exercising the profession of a minor surgeon, and is therefore included within the class of surgeons who are authorized to extract teeth and perform dental operations at their offices, residences, and other places. He claims that the law makes no distinction between surgeons and minor surgeons, and that, therefore, the *practicante* belonging to the specific class is included in the generic term of surgeon used in the law. We do not think that this defense is well founded. Under the Royal Order of Spain dated October 6, 1877, the title of *"practicante"* did not enable the person bearing it to practice the art of dentistry. (2 Alcubilla, 337.) This prohibition was in force prior to July 1, 1905; but we are only concerned with the law as it stood, and stands now, since the last-named date. Webster's dictionary, it is said, describes surgery as a branch of medical science and it

cannot be denied that practical surgery is thus spoken of on the continent. (*United States* v. *Massachusetts General Hospital,* 100 Fed. Rep., 932.)

"The practice of surgery is said to be limited to manual operations usually performed by surgical instruments or appliances." (*Nelson* v. *State Board of Health,* 57 S. W. Rep., 501; 108 Ky., 769; 50 L. R. A., 383.) These references will be found in 8th Words and Phrases, p. 6815.

"A surgeon is defined to be a practitioner who treats injuries, deformities or disorders by mechanical operations or surgical instruments and appliances." (*Goss* v. *Goss,* 102 Minn., 346; 113 N. W. Rep., 690.)

"A dentist may be defined to be a dental surgeon or one who performs manual or mechanical operations to preserve teeth or to cleanse, extract, insert or repair them." (*State* v. *Beck,* 21 R. I., 288; 43 Atl., 366; 45 L. R. A., 269; *People* v. *De France,* 104 Mich., 563; 62 N. W. Rep., 70; 28 L. R. A., 139; 30 Cyc., p. 1546.)

Under these authorities we do not think that minor surgery can be considered as coming under the term surgery, as generally used among professional men on the continent; and a minor surgeon is no more entitled to be called a surgeon than a veterinary surgeon, or a barber who formerly performed the operation of flebotomy.

It may be well to remember and to note the fact that the defendant in this case bases his defense entirely on section 16 of the act providing for the organization of a Board of Dental Examiners, and does not deny the facts which constitute the commission of the offense in the event that he was not authorized to practice dentistry, or at least to extract teeth, and to advertise himself as capable of performing dental operations and maintaining an office for that purpose. He does not deny having done the act imputed to him in the accusation, but contends that he was authorized by the law itself to perform them and was exempted from the penalties imposed thereby.

Taking all these circumstances into consideration, it is not possible to doubt that the offense charged against the accused has been committed and for that reason we believe that the sentence of the trial court should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.