# FRANCES M. POSCH v. JOHN BARTON PAYNE, DIRECTOR GENERAL OF RAILROADS.[1]

January 6, 1922.

No. 22,565.

**Refusal to charge jury error.**

    1. There was error in the refusal of the trial court to instruct the jury in a personal injury action to disregard certain items of alleged injury, namely, miscarriage and deafness, as not sufficiently established by the evidence.

[1]Reported in 186 N. W. 132.

**Medical expert opinion not conclusive.**

2. Medical expert opinions as to results reasonably to be expected to follow naturally from a given personal injury are of great value to the courts in the determination of such questions; they are not conclusive, however, and the value and probative force thereof diminish in proportion as the evidence clearly indicates to the practical lay mind a professional entry for support into the field of conjecture and theoretical uncertainties and doubts.

Action in the district court for Stearns county to recover $15,000 for personal injuries. The case was tried before Roeser, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $10,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*M. L. Countryman* and *A. L. Janes*, for appellant.

*Donohue & Quigley*, for respondent.

BROWN, C. J.

Action for personal injuries, in which plaintiff had a verdict and defendant appealed from an order denying a new trial.

The only question presented by the appeal is whether there was error in the submission of the case to the jury in respect to the measure of damages, it being conceded by defendant that the evidence made the issue of negligence one of fact for the jury.

It appears that on October 25, 1919, plaintiff was a passenger on one of defendant's trains running between St. Paul and Avon, this state; she was accompanied by her three children, one of whom was three months old. Her destination was Avon, where she intended to visit for a time with her parents. On arriving at that point the train on which she was riding came to a stop at one end of the station platform where it slopes downward to the ground level. There was no brakeman to assist her to alight, no customary stool for use in stepping off the car and she mistook the distance between the car step and the sloping platform at the particular point and fell forward landing on her right knee, slightly bruising the leg immediately below the knee joint; her elbow also struck the walk

in the fall and to some extent was injured, though there was no abrasion of the skin. She was carrying the youngest child in her arms who was not injured. Plaintiff was assisted to her feet and walked to the station building and soon after was taken to the home of her father, some distance in the country. A doctor was called to attend her, and, mainly from complaint of pain from which she was suffering, diagnosed the principal injury as an impacted fracture of the leg, and she was treated accordingly, the treatment extending over a period of about two months. The evidence on the trial made it reasonably clear that the leg was not broken at all, by an impacted fracture or otherwise, though we do not decide the point. It is not involved on the appeal, presenting as it does the matter of damages only. The action embraces in the claim of damages the items of broken leg, miscarriage and deafness, including the attendant pain and suffering. She had a verdict of $10,000, which the trial court approved by the denial of a new trial.

We are here concerned only in the refusal of the court below to eliminate from the consideration of the jury on the question of damages the items of miscarriage and deafness. The facts with reference thereto are as follows: The injury complained of was received on October 25, 1919. Some seven or eight months later, or in June or early July, 1920, she became pregnant; there was a miscarriage in September, claimed by plaintiff as the natural and proximate result of the injury, and claimed by defendant to be of artificial production; a dispute not of present importance. Plaintiff also claims that, as a result of her injury, which affected her nerves, she has lost in a measure, not wholly, the sense of hearing in her left ear; this was controverted by defendant, at least to the extent of contending that the evidence did not show that the deafness complained of was the natural or other result of the accident.

The trial court refused requested instructions withdrawing both items from the jury. In that we think, on the evidence disclosed by the record, there was prejudicial error. As to the miscarriage the point is disposed of adversely to plaintiff by Simonson v. Minneapolis & St. L. R. Co. 88 Minn. 89, 92 N. W. 459, where it was held that the malpresentation of a child at its birth 15 months

after the negligent act complained of was too remote and conjectural as a basis for damages in such an action. The rule applicable to the facts, including any case where the alleged miscarriage from pregnancy occurs subsequent to the negligent act is present, as in the case at bar, is clearly stated in that opinion and requires no further discussion. The effect of the intervening independent cause, there as well as here disclosed, as interrupting the continuity of the injury occasioned by the accident, thus taking the case without the rule of proximate cause, is also there adverted to and pointed out.

That the accident or fall on the station platform so injured or disarranged the internal organs of plaintiff in the case at bar as to render miscarriage more likely to result from pregnancy subsequently occurring, is not shown by any reliable evidence, and the opinion of the medical expert to that effect is altogether too speculative and conjectural to furnish a basis for legal liability against the original wrongdoer. She complained of no such injury following the accident; the fall on the station platform, as described, was not such as naturally would produce a result of that kind, and the suggestion that it may reasonably be attributed as the outgrowth of a nervous condition originating with the accident, is purely a matter of theory, unsupported by necessary facts, and insufficient on which to found a heavy award of damages. Johnson v. Great North. Ry. Co. 107 Minn. 285, 119 N. W. 1061. The case would be entirely different had pregnancy existed at the time of the accident; that condition here did not come into being for some eight months later. Morris v. St. Paul City Ry. Co. 105 Minn. 276, 117 N. W. 509.

The same is true in respect to the alleged deafness in plaintiff's left ear. She suffered by the fall on the station platform no injury to the ear nor to her head, so far as the evidence shows, and whatever deafness she now experiences is, by her medical expert witness, theoretically traced to nervousness brought on as one of the results of the accident. The opinions of medical experts of conditions naturally to be anticipated and expected to follow from given personal injuries, are, of great value to courts as aids in the determination of questions of that character and entitled to serious at-

tention and consideration in pronouncing judgment thereon. Such opinions, however, are not controlling on the court, and the value and probative force thereof diminish in proportion as the evidence indicates clearly to the practical lay mind a professional entry for support into the field of theoretical uncertainties and doubts. Such we believe the field drawn from in this case by the expert who attributed plaintiff's subsequent ailments in the particulars stated as a probable consequence and result of the accident in alighting from the train at the time in question.

For the error in submitting to the jury the elements of damage referred to, there must be a new trial. The damages are quite large, having in mind the character of the accident disclosed, and within the rule stated in Goss v. Goss, 102 Minn. 346, 113 N. W. 690, followed in Johnson v. Great North. Ry. Co. supra, no reduction of the amount should be made in an effort to end the litigation. A new trial will therefore be ordered.

Order reversed.