### Ellen Craig *vs.* Henry Cook.

### August 5, 1881.

**New Matter in Answer, requiring Reply.**—New matter constituting a defence is in the nature of a plea of confession and avoidance; and averments in an answer which serve merely to put in issue the allegations of the complaint do not constitute such new matter as requires a reply.

**Remedy where Causes of Action are not separately stated.**—Where several causes of action, which may be properly joined, are united in a complaint, and are not stated separately, the remedy is not by motion to require plaintiff to elect upon which of the several causes he will rely, but by motion to make definite and certain, or by motion to compel a separate statement of the several causes of action.

**Objections to Evidence.**—A general objection to evidence, a part of which is not subject to such objection, will not avail. An objection that written instruments offered in evidence as the acts or declarations of the

adverse party are irrelevant and immaterial, does not raise the question as to whether such instruments have been sufficiently authenticated as the acts or declarations of such party.

**Trespass—Exemplary Damages.**—Exemplary damages may be awarded for a wanton trespass upon real property, aggravated by a forcible eviction of. the plaintiff in possession.

**Power of Trial Court to compel Reduction of Verdict.**—Within proper restrictions, a trial court, deeming a verdict so excessive as to evince passion or prejudice on the part of the jury, may refuse a new trial upon condition of the prevailing party reducing the verdict by a *remittitur* to such sum as shall be deemed by the court not excessive.

Appeal by defendant from an order of the district court for the counties of Stevens, Big Stone and Traverse, *Brown,* J., presiding, refusing a new trial in case plaintiff should remit $900 of the verdict of $1,200 returned by the jury; the order directing that unless plaintiff should, within ten days after notice, file such *remittitur,* and give notice thereof to the defendant, the verdict should be set aside. The plaintiff relinquished the $900, in compliance with the order.

*Miller & Knappen,* for appellant.

*C. L. Brown,* for respondent.

DICKINSON, J. The only pleadings in this case were the complaint and answer. Upon the trial the defendant moved for judgment, on the ground that the answer contained new matter, which, for want of a reply, stood admitted. The court denied the motion, and defendant excepted. The complaint alleges that on the 31st day of March, 1879, the plaintiff was lawfully and peacefully in possession of a certain hotel building, (described,) and that on that day the defendant broke and entered said house, and forcibly ejected her therefrom, without authority of law, and struck, beat and abused her, and threw her goods from said building into the street. The answer contains, first, a general denial of the whole complaint, and then further alleges that the defendant was, on the occasion referred to, and long had been, the owner in fee and in the actual possession of the real estate and premises described in the complaint; that the plaintiff was, by. permission of defendant, stopping in the house as a mere lodger only;

that at the time referred to in the complaint, the plaintiff forcibly and unlawfully undertook to evict the defendant from his premises, and to take possession thereof, and in so doing the plaintiff committed an assault and battery upon the defendant, who, in defending himself therefrom, used no more force than was necessary for that purpose.

A defendant is not entitled to a judgment by reason of the fact that new matter pleaded in the answer has not been replied to, unless such new matter constitutes a complete defence. "New matter constituting a defence" is not pleaded by averments which merely deny the allegations of the complaint, but only when they constitute a statement of facts, the proof of which avoids the legal conclusion otherwise to be drawn from the statement of facts in the complaint. It is in the nature of a plea of confession and avoidance. Pomeroy on Remedies, §§ 690–692. The answer in this case does not contain new matter constituting a defence to the action. The answer, without a reply, puts in issue the asserted right and possession of the plaintiff, and the trespass of the defendant, and upon such issue the plaintiff was entitled to go to the jury. The plea of title in the defendant is not inconsistent with a lawful and exclusive possession in the plaintiff, and, if admitted, would not entitle the defendant to a, judgment. Therefore, the court was right in refusing the motion for judgment upon the pleadings.

The court did not err in refusing, upon the trial, to require the plaintiff to elect as between several causes of action which defendant then claimed to have been improperly joined. Assuming that the complaint alleges facts showing a right of recovery, both for trespass upon real property and for assault upon the person, it is clear that the case is within the statute authorizing the joining of causes of action for "injuries, with or without force, to person and property, or either." Gen. St. 1878, c. 66, § 118. If any remedy was desired for not stating separately what are claimed by defendant as distinct causes of action, it should have been, not by motion upon the trial to compel an election, but by motion at the proper time to make the complaint definite and certain, so that defendant might know whether

the plaintiff intended to rely on one or all of the mingled causes of action, (*Colton* v. *Jones,* 7 Robt. 164;) or, perhaps, by motion for an order requiring the several causes of action to be separately pleaded.

Upon the trial of the cause, evidence was presented on the part of the plaintiff that, five days prior to the commission of the acts complained of, the defendant came to the building in question, and demanded that she vacate the same; that she refused, whereupon the defendant threatened to put her out, and she in turn threatened him with legal proceedings; that he struck her and used insulting language to her; that she made complaint before a justice of the peace, and had defendant arrested for assault. After all this evidence, as it is presented in narrative form in the case, is recorded this objection: "Objected to as immaterial; objection was overruled, and defendant excepted." Upon the argument of the exception in this court, the defendant treats the objection as applying to all of this evidence. If this is a general objection to all of this evidence, it was not well taken, for a part of the evidence, at least, was relevant and material, not as a substantive ground of recovery, but as tending to show that the entry and other acts complained of as taking place five days afterwards, were the authorized acts of the defendant; for these threats of eviction were followed, as the evidence shows, or tends to show, by an entry into the premises, at the request of defendant, by a man who took part in evicting the plaintiff on the occasion referred to in the complaint. This evidence of threat of eviction contributed to prove that the person whom defendant sent upon the premises was sent there for the purpose of dispossessing the plaintiff. If the defendant desired his objection to apply to any particular part of this evidence, it should have been made specifically as to that, and not left as one general objection to evidence, a part of which, at least, was admissible.

The plaintiff offered in evidence two written notices, shown to have been served upon her prior to the time of the alleged trespass, and which were signed with the name of the defendant. It appeared that the defendant did not sign the notices himself, but that they were written and caused to be served by an agent of his, whom he had

authorized to notify the plaintiff to vacate the premises, and to account to him for the moneys she had received while in the building. The notices were material evidence touching the question of the plaintiff's occupancy of the premises as a tenant of the defendant, if in fact the notices were authorized by the defendant. The only objection made to the introduction of the notices was that the evidence was "irrelevant and inadmissible." Upon the argument of the exception to the ruling of the court receiving the evidence, the only point raised is that the evidence does not show that the agent had authority to make and serve these notices, and that they cannot be treated as the act of the principal. Some evidence had been presented as to the extent of the authority of the agent, and the general objection that the instruments signed with the name of the defendant, and evidently offered by the plaintiff as his act, were "irrelevant and inadmissible," was not enough to call the attention of the trial court to the objection which is urged here, or to call for a determination as to whether the notices had been so far proved to have been authorized by the defendant as to justify the receiving of them in evidence.

The case shows sufficient evidence to support a finding that, immediately prior to the alleged trespass, the plaintiff was in the exclusive possession of the property, under a lease from the defendant, for a term not then expired; that during a temporary absence of the plaintiff from the house, the defendant placed another person in the house, for the purpose of dispossessing the plaintiff; that such person put the personal property of the plaintiff out of the house, and forcibly resisted the return of the plaintiff into the house; and that the defendant, on the same occasion, committed an assault and battery upon plaintiff; and we pass, without other remark, several points raised by the defendant, which are necessarily determined by this assertion of the result of our examination of the evidence. For a trespass wantonly committed upon real property, aggravated by an eviction of the possessor, by one knowing he had no right to do the acts complained of, exemplary damages may be awarded by a jury. *Jasper* v. *Purnell,* 67 Ill. 358; *Bauer* v. *Gottmanhausen,* 65 Ill. 499;

1 Sedgwick on Damages (7th Ed.) 272. The instruction of the court to the jury was in accordance with this rule, and was correct.

The jury returned a verdict for the plaintiff, awarding $1,200 damages. Upon the hearing of a motion for a new trial, made by the defendant upon the ground that the damages were excessive, appearing to have been given under the influence of passion or prejudice, the court before which the cause had been tried for this cause ordered the verdict to be set aside, and a new trial granted, unless the plaintiff should remit the sum of $900 from the amount of the verdict; but further ordered that the motion for a new trial be denied, if plaintiff should, within a given time, file such *remittitur* and give notice thereof to the defendant. The plaintiff complied with the terms of the order, and filed a *remittitur* of $900. The defendant appealed from the order as refusing a new trial.

The correctness of the conclusion of the court below, that the damages "are so clearly excessive as to evince something like passion or prejudice on the part of the jury," is not before this court for review. Adopting it as a proper conclusion from a review of the case, it is necessary only to consider whether, that being so, the verdict, reduced to $300 by order of the court and the consent of the plaintiff, should stand. The right of the trial court, in the exercise of a sound judicial discretion, when it deems a verdict excessive, and the result of passion or prejudice on the part of the jury, to refuse a new trial, upon condition that the prevailing party remit such sum as shall leave the recovery not excessive in the judgment of the court, has often been exercised. *Howard* v. *Grover*, 28 Me. 97; *Diblin* v. *Murphy*, 3 Sandf. 19; *Clapp* v. *Hudson River R. Co.*, 19 Barb. 461; *Kinsey* v. *Wallace*, 36 Cal. 462; *Collins* v. *City of Council Bluffs*, 35 Iowa, 432; *Doyle* v. *Dixon*, 97 Mass. 208; *Illinois Central R. Co.* v. *Ebert*, 74 Ill. 399; *Sears* v. *Conover*, 3 Keyes, 113; *Hayden* v. *Florence Sewing Machine Co.*, 54 N. Y. 221; *Belknap* v. *Boston & Me. R. Co.*, 49 N. H. 358; *Blunt* v. *Little*, 3 Mason, 102; and see Sedgwick on Damages (7th Ed.) 654.

It may naturally be supposed that, in general, where other issues than merely the amount of damages arise in a case, the same passion

and prejudice, which is indicated by the awarding of excessive damages, may have affected the determination of the jury upon other issues also; and if this should be deemed the fact, a new trial should be awarded. But, while it may hence be considered that the trial court ought not generally to refuse a trial *de novo,* where a verdict is so excessive as to lead to the conviction that the jury has been influenced by passion or prejudice in awarding it, yet, in a particular case, the court may feel satisfied that the verdict of the jury is right, and ought to stand, only that it is excessive in amount; and where it does not appear that the court has exceeded the limits of discretion in such a case, its determination will not be disturbed. We are not able to say that the court did not act with sound judgment and discretion in refusing the new trial in this case, and the order refusing the new trial is affirmed.