GEORGE LALLY v. CROOKSTON LUMBER COMPANY.[1]

February 8, 1901.

Nos. 12,349—(78).

**Defective Machinery—Assumption of Risk—Charge to Jury.**

In an action to recover damages caused by a defective appliance, where the claim for personal injuries is based upon the master's promise to guard a defective appliance, it was error to refuse to instruct the jury, in substance, that if the defendant, pursuant to its promise, erected a guard for the defective appliance a certain time before the accident, but that the guard so erected was insufficient, which fact the plaintiff well knew, yet continued to use the appliance so adjusted, without complaint, then he voluntarily assumed the risk of operating the appliance.

**Changes after Accident—Evidence.**

It was error to admit proof of certain changes in the guard over the appliance, which were made about two weeks after the accident.

[1] Reported in 85 N. W. 257.

Action in the district court for Polk county to recover $10,000 damages for personal injuries. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $5,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Koon, Whelan & Bennett,* for appellant.

*H. Steenerson* and *Charles Loring,* for respondent.

LEWIS, J.

The gist of the complaint is that plaintiff was operating a circular saw in defendant's sawmill, and was clipping shingles thereon; that the place furnished him to stand in was dangerous, because the shingles, coming down from a floor above through a spout, had a tendency to fall upon the saw and be thrown about; that the saw was unguarded; that plaintiff remained in the dangerous place and operated the saw upon defendant's promise to protect it by putting up a guard; that defendant did not so protect the saw as promised; and that, while at work, shingles, having accumulated, dropped upon the saw, and were thrown against plaintiff, causing him to strike his head against a beam, and to strike his hand against the saw, whereby he was injured. Plaintiff had a verdict, and defendant appeals from an order denying a new trial.

There was evidence tending to show that the saw was unguarded, and that the place was unsafe to work in. It is also admitted that defendant agreed to put up a guard to keep the shingles from falling on the saw, and that defendant did put up a guard, which, as defendant claimed, was six days, and, as plaintiff claims, was one and one-half days, prior to the injury. Plaintiff testified that he worked with the saw only one and one-half days after the guard was put up, but there was other evidence tending to show that the plaintiff worked there, without making any further protest, for six days after the guard was adjusted. There was also a dispute as to the sufficiency of the guard. In view of this evidence, defendant requested the court to give its second and third requests, which are as follows:

"If the jury shall believe from the evidence that the plaintiff continued to use the saw in question for one and one-half days after defendant, pursuant to its promise to plaintiff, had erected the guard in question over the saw to prevent shingles from falling upon the same, and continued such use during said period of one and one-half days with full knowledge that said guard did not fully prevent shingles from falling onto the saw, and thence being hurled into the air towards plaintiff's body as he stood operating said saw, and during said time made no further complaint to defendant that said saw was imperfectly guarded, and if the jury shall further believe that such imperfect guarding of the saw resulted in the injuries to plaintiff here complained of, still he cannot recover in this action, and your verdict must be for the defendant.

"If the jury shall believe from the evidence that the defendant, pursuant to its promise to plaintiff, erected a guard over the saw in question, to prevent shingles from striking the same, about six days before the injuries to plaintiff here complained of, but that said guard was not wide enough to fully prevent shingles from striking the saw, all of which plaintiff well knew, but that plaintiff made no further complaint to defendant, and did not ask defendant to increase the width of said guard and make it more safe, but continued to use said saw and guard so imperfectly constructed, with full knowledge of the danger in so doing, for about six days, and until he received the injuries here complained of, then he voluntarily assumed the risks of operating said saw thus imperfectly guarded, and he cannot recover in this action, even if the jury shall further believe that the operation of the saw by the plaintiff with such imperfectly constructed guard was the proximate cause of the injuries to himself here complained of."

The theory of the plaintiff's case is that defendant agreed to put up guards to protect the saw, and that, relying on that promise, plaintiff remained at work, and was injured in the meanwhile before it was done. The defense is that if the guard was put up, although not perfect, and plaintiff continued at work knowing that it was imperfect, and without further complaint, then he assumed the risk of working with it as it was. The evidence being conflicting as to the time plaintiff worked after the guard was put up, it was proper to submit the two requests to correspond with the evidence. The fact that the guard was not a perfect cure for the difficulty did not change the duty of plaintiff with relation to it. He was an experienced workman, and knew whether it was or was not sufficient. If he continued to work

with it as adjusted by defendant, without protest, it was equivalent to saying to defendant that he was satisfied with it, and that it was sufficient. The point covered by these requests was not embraced within the general charge, and it was error to refuse them. The law as to assumption of risks has become well settled by the decisions of this court, and it is only necessary to refer to some of them. Anderson v. C. N. Nelson L. Co., 67 Minn. 79, 69 N. W. 630; Scharenbroich v. St. Cloud F. W. Co., 59 Minn. 116, 60 N. W. 1093; McLaren v. Williston, 48 Minn. 299, 51 N. W. 373; Quick v. Minnesota I. Co., 47 Minn. 361, 50 N. W. 244; Anderson v. H. C. Akeley L. Co., 47 Minn. 128, 49 N. W. 664.

Upon the direct examination a witness for defendant testified that the guard as put up was intended to be permanent. Plaintiff was permitted to show by this witness, on cross-examination, over defendant's objection, that the guard was taken out about two weeks after the injury, and a different arrangement made. This was error. It was liable to be construed as an admission that the guard was imperfect. The master should be at liberty to adopt new and safe appliances, after an accident has exposed the weakness of those in use, without being subjected to the charge that he was negligent in having used the old appliance. Morse v. Minneapolis & St. L. Ry. Co., 30 Minn. 465, 16 N. W. 358; Day v. H. C. Akeley L. Co., 54 Minn. 522, 56 N. W. 243; Hammargren v. City of St. Paul, 67 Minn. 6, 69 N. W. 470.

For these errors a new trial must be granted, and it is unnecessary to refer to the other assignments of error.

Order reversed, and a new trial granted.