WILLIAM GOSS v. JOHN G. GOSS and Others.[1]

November 15, 1907.

Nos. 15,361—(62).

**Master and Servant—Excessive Damages—New Trial.**

The plaintiff recovered a verdict for $4,000 damages on account of personal injuries due to the negligence of defendants. The trial court denied the defendants' motion for a new trial on condition that the plaintiff consent to reduce the verdict to $3,000. He so consented, and the defendants appealed from the order. *Held:*

1. That the evidence is sufficient to sustain the verdict to the effect that the plaintiff was injured by the negligence of the defendants, that he was not guilty of contributory negligence, and did not assume the risk.

2. The fact that damages awarded in an action are excessive does not justify the inference that they were given under the influence of passion or prejudice, unless they are so large, when compared with what the evidence indicates they ought to have been, that the court must conclude that they were not given upon any fair consideration of the evidence.

3. A trial court, in actions of tort or contract, may, in its discretion, when it deems the damages awarded excessive and the result of passion or prejudice, deny a new trial on condition that the prevailing party remit such sum as shall leave the recovery not excessive in the judgment of the court; but when the damages are so excessive, and the circumstances as shown by the evidence relevant to the other issues are such, as to indicate a fair probability that the jury were also influenced by passion or prejudice in determining the other issues, a new trial should be granted. Whether in any given case a new trial should be granted absolutely or only conditionally is a question resting largely in the discretion of the trial court. The discretion was properly exercised in this case.

4. Evidence tending to show feeling or bias on the part of a witness, especially if he be a party, with reference to the pending suit, is admissible as affecting his credibility. An objection to such evidence that it is incompetent and immaterial is not sufficient to include a claim that no foundation had been laid for receiving the evidence. Graves v. Bonness, 97 Minn. 278, followed.

5. Where a person is injured by the wrong or neglect of another, and he is not himself negligent in the selection of a medical attendant, the wrongdoer is liable for all the proximate results of his own act, although the consequences of the injury would have been less serious than they

[1] Reported in 113 N. W. 690.

proved to be if the attendant had exercised proper professional skill and care. The trial court did not err in the application of this rule to the evidence in this case.

6. A physician, as defined by statute and in common parlance, is a person skilled in both medicine and surgery; that is, in medical science.

7. The court did not err in refusing to grant a new trial on the alleged ground of misconduct of a juror.

Action in the district court for Cass county to recover $10,000 for personal injuries. The case was tried before McClenahan, J., and a jury which found a verdict in favor of plaintiff for $4,000. From an order denying a motion for a new trial unless plaintiff consent to a reduction of the verdict to $3,000, defendants appealed. Affirmed.

*Harris Richardson* and *Harold C. Kerr,* for appellants.

*Larrabee & Davies,* for respondent.

START, C. J.

The plaintiff recovered a verdict of $4,000 in the district court of the county of Cass in an action for damages on account of personal injuries sustained by the alleged negligence of the defendants. A motion for a new trial was made by the defendants on the grounds that the verdict was not justified by the evidence; that the damages were excessive, appearing to have been given under the influence of passion and prejudice; that errors of law were committed at the trial; and, further, on account of the misconduct of a juror. The trial court made its order denying the motion upon condition that the plaintiff consent to reduce the verdict to $3,000. He complied with the condition, and the defendants appealed from the order.

1. The questions whether the verdict is sustained by the evidence, and whether the damages awarded were given under the influence of passion and prejudice, and, if so, whether the trial court erred in not unconditionally granting a new trial, may be considered together. There was evidence given on the trial tending to show that the plaintiff, in the winter of 1906, was at work for the defendants as a teamster in hauling logs in the woods, and that he was injured while so employed on February 2, by his foot being caught in a hole in a corduroy road made and furnished by the defendants for his use, whereby he was thrown down, and the loaded sled ran upon his leg and foot and crushed them; that thereby the flesh was torn from his leg below the

knee, the large bone of his leg was broken, and the bone driven through the soft tissues, making a hole in his leg an inch to an inch and a half in diameter. There was evidence fairly tending to show that the defendants were negligent in the construction and repair of the corduroy road over which the plaintiff was required to haul logs, and that such negligence was the proximate cause of his injury. The evidence does not show as a matter of law that the plaintiff was guilty of contributory negligence, or that he assumed the risk, and the verdict as to such matters is sustained by the evidence.

It is, however, claimed by the defendants that, the trial court having reduced the verdict $1,000, it must have found that the damages awarded were excessive; that this shows such passion and prejudice on the part of the jury that it was error for the court to let the verdict stand for any amount whatever, especially so in view of the evidence showing that the plaintiff's injuries were materially increased by the improper surgical treatment of his leg after the accident. It by no means follows, from the fact that the trial court was of the opinion that the damages were excessive, that they were awarded as the result of passion or prejudice, or that the trial court so found. The damages may have been excessive; but it cannot be inferred therefrom that they were the result of passion or prejudice, unless they were so large, when compared with what the evidence indicates that they ought to have been, that the court must conclude that they were not awarded upon any fair and impartial consideration of the evidence as to the damages. The damages in this case were not so excessive as necessarily to lead to the conclusion that they were given under the influence of passion or prejudice; but, were it otherwise, it would not follow that the trial court erred in denying the defendants' motion for a new trial on condition that the plaintiff would consent to a reduction of the verdict.

The rule is now too well settled to be seriously questioned that the trial court may, in actions of tort, as well as in actions on contract, in the exercise of a sound judicial discretion, when it deems a verdict excessive and the result of passion and prejudice on the part of the jury, deny a new trial on condition that the prevailing party remit such sum as shall leave the recovery not excessive in the judgment of the court. When, however, the damages are so excessive, and the circumstances as disclosed by the evidence as to other issues are such,

as to indicate a fair probability that the jury were influenced by passion or prejudice in the determination of the other issues, a new trial should be granted. Whether in any given case a new trial should be granted or denied on condition that the verdict be reduced rests largely in the sound judicial discretion of the trial court. Craig v. Cook, 28 Minn. 232, 9 N. W. 712; Grant v. Wolf, 34 Minn. 32, 24 N. W. 289; Pratt v. Pioneer Press Co., 35 Minn. 251, 28 N. W. 708; Hall v. Chicago, B. & N. R. Co., 46 Minn. 439, 49 N. W. 239; Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L. R. A. (N. S.) 439, 11 Am. St. 462; English v. Minneapolis & St. P. Sub. Ry. Co., 96 Minn. 213, 104 N. W. 886; McKnight v. Minneapolis, St. P. & Sault Ste. M. Ry. Co., 96 Minn. 480, 105 N. W. 673.

This rule has been frequently criticised as illogical and inconsistent. Nevertheless its enforcement ends litigation and does substantial justice in all cases, if discreetly applied. The fact that in this case there was evidence tending to show that the plaintiff's injuries were increased by the improper treatment of his leg does not make it one where a new trial should have been unconditionally granted. We are of the opinion that this was a proper case for the exercise of the discretion of the trial court on the question whether the damages should be reduced in lieu of a new trial, and that the damages as reduced are moderate for the injuries sustained by the plaintiff, excluding any increase due to the alleged improper treatment of his leg after he was hurt.

2. The alleged errors of law relate to the rulings of the court on the admission of evidence and in its instructions to the jury. The defendant J. M. Goss was a witness on behalf of the defendants and gave material testimony. On the rebuttal the plaintiff was called as a witness, and was permitted by the court to testify, over the objection of the defendants that the evidence was incompetent and immaterial, that the defendant J. M. Goss on the day before made the statement to him that he (Goss) would beat him if it cost him $25,000. When the objection was made, counsel for the plaintiff stated that the evidence was offered for the purpose of impeaching the credibility of the witness. The ruling of the court in this respect is assigned as error, and in support of the assignment it is urged that no foundation was laid for the admission of the evidence by calling the attention of the de-

fendant to the statement when he was on the stand. This specific objection was not made at the trial. The only objection then made was that it was incompetent and immaterial, which is not sufficient to include the objection that no foundation for the admission of the evidence had been laid. Graves v. Bonness, 97 Minn. 278, 107 N. W. 163. If the objection now made had been specified when the evidence was offered, it could have been readily obviated by calling the defendant and laying the foundation. The defendants cannot now urge this specific objection.

Again, the defendant, immediately after the plaintiff had testified to the alleged statement, took the stand as a witness in behalf of the defendants and gave his version of it. Hence the admission of the evidence as to the statement, without laying the foundation therefor, could not have been in any event prejudicial. 30 Am. & Eng. Enc. (2d Ed.) 1123. The statement of the defendant complained of was admissible as independent evidence tending to show such feeling and bias on the part of the witness with reference to the pending suit as to affect his credibility. State v. Tall, 43 Minn. 273, 45 N. W. 449; Alward v. Oakes, 63 Minn. 190, 65 N. W. 270. The extent to which such evidence shall be received is a question resting largely in the discretion of the trial court. Query: Is it necessary in any case to lay a foundation for the admission of such evidence by first calling the witness, especially if he be a party, and interrogating him in reference to it?

The other alleged errors of the court in ruling upon the admission of evidence have been examined, and we find no reversible error in any of them.

The trial court instructed the jury to the effect that the plaintiff, if he had established his cause of action, was entitled to recover all the damages he had sustained which naturally and proximately resulted from his injury, but that he was not entitled to recover for any aggravation of his injuries caused by his neglect; that he was not entitled to recover for anything resulting from his own negligence which may have increased the effect of his injury; and, further, if he was guilty of negligence in the changing of physicians, or in changing his location from Cass Lake to Anoka, he could not recover anything for the increased suffering or damage or injury due to such neg-

ligence. The defendants urge that this was error, because the instruction should have been limited to the employment of a surgeon, and not a physician; that the plaintiff was in the care of a competent surgeon, and voluntarily left him, and his condition at the time of the trial was due to his carelessness in leaving the surgeon and taking up an unskilled man; and, further, that the burden was on the plaintiff to show how much he contributed to his injuries by such carelessness. The general rule given by the trial court was correct; for, where one person is injured by the wrong or negligence of another, and he himself is not negligent in the selection of a medical attendant, the wrongdoer is liable for all the proximate results of his own act, although the consequences of the injury would have been less serious than they proved to be if the attendant had exercised proper professional skill and care. Watson, Dam. § 136.

The special objections urged to the charge of the court are without merit. The learned trial judge correctly used the word "physician," instead of "surgeon." A physician is one who is versed in medical science, a branch of which is surgery; and a surgeon is a physician who treats bodily injuries and ills by manual operations and the use of surgical instruments and appliances. A physician, as defined by our statute and in common parlance, is a person skilled in both medicine and surgery. R. L. 1905, §§ 2295–2300; 6 Words & Phrases, pp. 5374–5376. If the defendants desired a more specific instruction, it was their duty to request it.

The other objections to the instructions are based upon the unwarranted assumption that the plaintiff was negligent as a matter of law.

3. The only other assignment of error meriting consideration relates to the alleged misconduct of one of the jurors. The motion for a new trial on account of the misconduct of a juror was based on his own self-stultifying affidavit that "after the trial began, and before it was ended, and while he was outside of the courtroom, and while the court was not in session, he accidently overheard one of the witnesses for the defendants say something to another person, and that the statement which affiant thus overheard outside of court influenced affiant in reaching a decision in said cause, and that, had it not been for said statement made by said witness at said time, affiant would have held out for the defendants in said cause."

This is too indefinite to entitle it to serious consideration. If such an affidavit is sufficient to require a new trial as a matter of right, then there is no reasonable limit to litigation, for such affidavits may be made without any fear of punishment for perjury. Who was the witness, and what did he say? It was necessary for the affidavit at least to state what the juror heard, so that the court could determine whether the "something" he overheard had any natural tendency to influence the juror, and whether he could honestly claim that it did. The affidavit does not even disclose that the statement overheard by the juror related to the case on trial.

Order affirmed.