# HATTIE CLARK v. SCANDINAVIAN-AMERICAN BANK OF ST. PAUL.[1]

December 23, 1910.

Nos. 16,829—(159).

**Injury to passenger in elevator — evidence.**
  Personal injury action to recover for damages alleged to have been sustained by the negligence of the defendant in operating its passenger elevator while plaintiff was in the act of alighting therefrom.  Verdict for $2,417, which was reduced to $1,500.  *Held*, the evidence sustains the verdict. There were no reversible errors in the ruling of the court as to the admission of evidence, nor in its charge, nor in its order providing for a reduction of the verdict, instead of absolutely granting a new trial.

  Action in the district court for Ramsey county to recover $5,426, damages for personal injuries received while in the act of leaving a passenger elevator owned and operated by appellant in a certain office building.  The facts are stated in the opinion.  The case was tried before Brill, J., and a jury which returned a verdict in favor of plaintiff for $2,417.  From an order granting defendant's motion for a new trial, unless plaintiff would consent to a reduction of the verdict to $1,500, it appealed.  Affirmed.

[1]Reported in 128 N. W. 1114.

[Note]  Liability for injury to elevator passenger, see note in 2 L.R.A. (N.S.) 744.

*Harris Richardson* and *Harold C. Kerr,* for appellant.
*S. J. Donnelly* and *D. E. Dwyer,* for respondent.

START, C. J.

On July 7, 1909, the plaintiff, a woman forty-eight years of age, was injured while in the act of leaving a passenger elevator in the possession and control of the defendant in its bank building. She brought this action in the district court of the county of Ramsey to recover damages for her injury, on the ground that it was sustained by the negligence of the defendant. Verdict for her in the sum of $2,417. The trial court made its order denying the defendant's motion for a new trial, upon condition that the plaintiff consents to a reduction of the verdict to the sum of $1,500. She so consented, and the defendant appealed from the order.

1. The defendant's first contention is that the verdict is not sustained by the evidence. There was evidence tending to show that the plaintiff entered the elevator from the third floor of the building, to go to the lowest or ground floor; that when the elevator reached that floor the operator so stopped it that the top of the floor of the elevator was an inch below the level of the ground floor, upon which was an iron threshold or sill, which projected over the elevator pit some two inches; that when the elevator so came to a stop the operator called out "Ground Floor," and the doors of the elevator were open, there were two of them; she did not see the operator open either, but she did not open either of them; and, further, that the plaintiff, who was the first one to get out, while in the act of leaving the elevator, caught her foot in some way under the projection, which caused her to be thrown out and upon the ground floor of the building, and thereby she was injured. There was other evidence tending to show that the plaintiff was not the first one to leave the elevator; that the operator did not call out "Ground Floor," nor open the doors, which opened only from the inside; that he was in the act of bringing the elevator to a level with the ground floor, when some one other than the operator opened the door, and the plaintiff walked out, and in doing so stumbled and fell. The evidence in material particulars was conflicting, and a consideration of

the whole thereof satisfies us that the verdict is sustained by the evidence.

2. The defendant further claims that it was reversible error for the trial court to instruct the jury to the effect that if the elevator doors were opened by some one other than the operator, but with his knowledge or permission, it would be his act. The reason urged why this was error is that there was no evidence tending to support any such hypothesis. The operator was in the control of the elevator. It was his duty to exercise due care to see that the doors were not opened until he had brought the elevator into a position that would enable the passengers to alight in safety.

He testified that people were accustomed to open the door when they went down in the elevator; that they generally did so, but he told them "that they shouldn't" open the door. He further testified in this connection as follows: "Q. Well, you didn't tell them that day? A. I didn't tell them—well— Q. No. Well, when was the first time you told anybody else, before you told it on the witness stand here, about some passenger opening it that way? A. I don't remember. Q. You remember talking with Mr. Dwyer about it, don't you? A. Oh, yes. Q. Did you tell him then a passenger opened it? A. Well, I didn't open the door." We are of the opinion that the testimony of the operator justified the instruction.

Other instructions of the court, and its refusal to give certain requested instructions, are also assigned as error; but a mere reading of the record clearly indicates that the court did not err in these respects.

3. We find no reversible errors in the rulings of the court as to the admission of evidence. The verdict, as reduced, is not excessive; nor did the trial judge abuse his discretion in providing for a reduction of the verdict, instead of making his order granting a new trial absolute. The damages awarded, and the evidence as to other issues, do not indicate a fair probability that the jury were influenced by passion or prejudice in determining the other issues. Goss v. Goss, 102 Minn. 346, 113 N. W. 690.

Order affirmed.

O'BRIEN, J., took no part.