# PULASKI HALL ASSOCIATION v. AMERICAN SURETY COMPANY OF NEW YORK.[1]

October 24, 1913.

Nos. 18,326—(173).

**Building bond — plans and specifications — parol evidence.**

1. In this action upon a bond given by a building contractor as principal and appellant bonding company as surety to insure the erection of a building for plaintiff in accordance with a contract which provides that the plans and specifications constitute a part thereof, and which recites that such plans and specifications are identified by the signature of the parties, the court did not err in receiving oral testimony to identify the plans and specifications, although the ones so identified were not signed by the parties, nor was it error to receive such testimony to supplement the specifications where these were silent as to the finishing of some additional rooms shown on the plans.

**Surety not released by delay in notice of default.**

2. Where time is not of the essence of the contract and no claim is as-

[1] Reported in 143 N. W. 715.

Note.—The authorities on the question of release of surety on building contractor's bond by making payments not authorized by the contract are reviewed in a note in 5 L.R.A.(N.S.) 418.

serted because the building was not finished on the date set, the surety is not released because the notice of default of the contractor was not given within the time stipulated in the bond, computing such time from the date fixed in the contract for the completion of the building.

**Release by extension of time — necessary to plead facts in defense.**

3. If the surety would claim a release from the bond because of a ten-day extension of time granted the contractor, such defense, if available at all under the facts herein, should have been pleaded.

**Release by payment after default — pleading defense.**

4. The same is true of the contention that the surety is released because it incidentally appeared that a $2,000 payment was made to the contractor subsequent to his default.

**Reduction of verdict to amount demanded in complaint — new trial.**

5. Where the evidence is sufficient to support the verdict as to amount, but such amount exceeds the sum asked for in the complaint, it is not error to deny a new trial conditioned upon plaintiff's consent to reduce the verdict to the sum claimed in the complaint.

Action in the district court for Hennepin county against John A. McLeod and the American Surety Co. of New York to recover $3,989.25 upon defendants' bond. The case was tried before Leary, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict against defendant McLeod in the sum of $4,000 and against defendant surety company in the sum of $4,200. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant surety company appealed. Affirmed.

*Kerr, Fowler, Ware & Furber,* for appellant.

*O. E. Holman,* for respondent.

HOLT, J.

On September 26, 1911, plaintiff, a corporation, let a contract for the erection of a building to the defendant John A. McLeod. McLeod was required to furnish plaintiff a bond to secure the performance of the contract. This bond in the sum of $4,000 was given by McLeod as principal and the defendant, the American Surety Co., as surety. McLeod in February, 1912, abandoned the

work before fully completing the contract and failed to pay for the labor and materials. Mechanics' liens were filed and the liens foreclosed. The surety company was duly notified of these foreclosure proceedings and requested to defend, but refused. The lien foreclosure action resulted in an adjudication of valid liens against the property of plaintiff in a sum exceeding $4,000. Plaintiff paid these liens and completed the building. This action was then brought to recover on the bond for the amount paid to satisfy the mechanics' lien judgment, for defects in the work, and for completing the contract. The Surety Co. alone appeals from the order denying its motion for judgment notwithstanding the verdict or for a new trial.

Appellant's first contention is that plaintiff failed to prove the contract which the bond was to secure. The contract alleged by plaintiff provides that the building should be erected "as shown on the drawings and described in the specifications prepared by Frank X. Tewes, architect, which drawings and specifications are identified by the signatures of the parties hereto, and become hereby a part of this contract." The plans and specifications were not so identified, hence, according to appellant, there is no contract nor can one be proven. A month after the contract was executed, and when the construction of the building was already in progress, appellant executed this bond. At that time according to plaintiff's testimony the plans and specifications were complete, with a slight exception hereinafter alluded to, and the work was being done pursuant to the same. Appellant should not now be heard to deny the existence of the contract which by its very terms the bond admits and secures. The evidence was ample to identify the plans and specifications under which the building was erected. And this is permissible by oral testimony. Hooper v. Webb, 27 Minn. 485, 8 N. W. 589; White v. McLaren, 151 Mass. 553, 24 N. E. 911; Snoqualmi Realty Co. v. Moynihan, 179 Mo. 629, 78 S. W. 1014; Haag v. Hillemeier, 120 N. Y. 651, 24 N. E. 807; Hayden v. Cook, 34 Neb. 670, 52 N. W. 165. The decisions in Williamette v. Los Angeles College Co. 94 Cal. 229, 29 Pac. 629; Donnelly v. Adams, 115 Cal. 129, 46 Pac. 916, and West Coast Lumber Co. v. Knapp,

122 Cal. 79, 54 Pac. 533, relied on by appellant, seem to be controlled by statutes of California relating to the establishment of mechanics' liens. But, in so far as the opinions in those cases may be based on other considerations than statute law, we cannot follow them, nor the doctrine announced in Gooch v. Snarr, 34 Upper Canada Q. B. Reports 616. Oral testimony not contradicting any of the terms of the written contract, or the plans and specifications, was likewise properly admitted to show an agreement to partition off and finish four living rooms in the basement for the price of $190 in addition to the original bid made upon the plans and specifications. Cook v. Littlefield, 98 Me. 299, 56 Atl. 899. The plans at the time the appellant executed the bond show the location of these rooms, but the details of the finishing thereof as to doors, casings, etc., were not in the specifications.

Appellant claims to be released because notice of default was not given within 10 days after knowledge thereof by plaintiff, as stipulated in the bond. The building was to be completed by December 15, 1911, and no notice of default in any respect was given until January 6, 1912. Of course plaintiff knew on December 15 that the contract was not completed. But plaintiff is not complaining of the failure to finish on time. Nor is time made the essence of the contract, but by the very terms thereof it is seen that delay on either side is not to be material unless loss is sustained thereby. Furthermore, when appellant did receive notice of default on January 6, with full knowledge of the terms of the contract, for it was furnished with a copy thereof when the bond was made, and apprised by the tenor of the notice that the building was still unfinished, it did not then nor in subsequent negotiations suggest that it was released because a notice that McLeod had not finished the building should have been given within 10 days after December 15, 1911. It ought not now to be heard to urge that the time of finishing the building was so material a part of the contract that failure to give seasonable notice of default in that respect released the bond. But, be that as it may, this case is well within the rule of Lakeside Land Co. v. Empire State Surety Co. 105 Minn. 213, 117 N. W. 431; George A. Hormel & Co. v. American Bonding Co. 112 Minn. 288, 128

N. W. 12, 33 L.R.A.(N.S.) 513, and Fitger Brewing Co. v. American Bonding Co. 115 Minn. 78, 131 N. W. 1067, to the effect that when no claim is made, or can be made, against the contractor for failing to finish the work on time, the date mentioned in the contract for finishing is not the date from which the time of giving the notice of default to the surety is to be computed. Appellant depends upon the opinion in National Surety Co. v. Long, 125 Fed. 887, 60 C. C. A. 623, but that seems to be out of harmony with our decisions just cited.

As to the assertion that there was an extension of time of 10 days given the contractor by plaintiff without knowledge of the surety, it is sufficient to say that no such defense is pleaded. And even if it had been it should not avail, because, after being notified of the situation on January 6, 1912, appellant expressed a hope that the contractor could still be induced to complete the building in accordance with the contract. Again, when by letter of January 29 appellant was informed of the extension and failure to perform within the extended time, no suggestion was then made that the surety was thereby released. Nor was there any intimation of such defense until the motion to dismiss was made at the trial.

Appellant also seeks to avoid liability on the ground that it appeared at the trial that a payment of $2,000 had been made by plaintiff to the contractor on January 18, 1912. When plaintiff's attorney admitted that this payment was so made, he stated that he did not understand how it was material. This defense of payment after default, assuming that it might violate a condition in the bond, was not pleaded, and it certainly was necessary to do so if it was to be asserted. In view of the manner in which the date of the payment came into the record it cannot, in fairness, be said that a defense based thereon was litigated by consent. On the contrary a defense was set up that appellant was released because payments to the contractor were not made as fast as provided by the contract. The payments were to be made upon certificates issued by the architect as the work progressed, but there is no evidence that the $2,000 was not paid in strict accordance with the terms of the contract.

Therefore in no event can the time of this $2,000 payment affect the verdict in this case.

The issues of fact were fully and fairly submitted to the jury. The verdict was slightly in excess of the sum demanded in the complaint, but the amount thereof finds fair support in the evidence. The trial court so considered. In that situation no error can be predicated upon the order denying a new trial on condition that plaintiff consented to a reduction of the verdict to the amount claimed in the complaint, less $93.55, admitted on the trial to be due the contractor, for extras. Plaintiff consented. It has been held ever since Craig v. Cook, 28 Minn. 232, 9 N. W. 712, that a court may reduce excessive verdicts even when there is foundation for the claim that the excessive amount resulted from passion and prejudice. This rule applies to actions on contract and for tort, Pratt v. Pioneer-Press Co. 35 Minn. 251, 28 N. W. 708. And where the excessive amount in the verdict springs neither from passion or prejudice, nor from insufficiency of proof, but merely from a too modest demand in the complaint, the propriety and justice of a conditional order such as was made in this instance is apparent.

We find no error warranting a reversal.

Order affirmed.