# CATHERINE B. WHITNEY v. NELLIE A. KALISKE.[1]

December 3, 1915.

Nos. 19,476—(137).

**Negligence — verdict sustained by evidence.**

1. Plaintiff sustained a fall while descending a stairway in a store in which she was employed. The evidence is sufficient to sustain a finding that there was a negligent defect in one of the steps, and that this caused her to fall.

**Assumption of risk.**

2. There is evidence that the stairway was dark, and the question whether plaintiff was chargeable with knowledge of the defective step and assumed the risk of its use was properly one for the jury.

**New trial on condition that verdict be reduced.**

3. In cases where damages are unliquidated and ascertainable by no fixed standard, a trial court may make an order for a new trial conditioned on a reduction of the verdict, even though the amount of the verdict is such as to evince passion and prejudice on the part of the jury, if it may with reason be said that the same passion and prejudice did not affect the determination of the other issues in the case.

**Reduced verdict not excessive.**

4. The verdict as reduced by the court in this case is not excessive. Plaintiff is suffering from a dislocated kidney. She claims that this ailment was caused by the fall. No physician testified that the fall did or did not cause it. The evidence is nevertheless such that the jury might infer that the fall was the producing cause. The opinions of experts if given would not have been conclusive upon the jury.

**Evidence.**

5. Where a party elicits evidence of a certain character, he cannot thereafter be heard to say that such evidence is not admissible, and where he offers evidence that certain conditions exist he cannot complain that the court permits his evidence to be rebutted.

Action in the district court for Ramsey county to recover $20,000 for personal injury received while in the employ of defendant. The case

[1]Reported in 154 N. W. 1100.

Note.—As to excessiveness of verdicts in actions for personal injuries other than death, see note in L.R.A. 1915F, 30.

was tried before Olin B. Lewis, J., and a jury which returned a verdict for $3,750. Defendant's motion for judgment notwithstanding the verdict was denied and her motion for a new trial was denied on condition that plaintiff consented to a reduction of the verdict to $2,750. From the order denying her motion for a new trial on condition, defendant appealed. Affirmed.

*William B. Henderson, Earl H. Miller* and *Carl W. Cummins,* for appellant.

*James E. Markham* and *A. J. Hertz,* for respondent.

HALLAM, J.

1. Defendant operated a ladies' furnishing store. Plaintiff was in her employ. In the rear of the store was a balcony which was reached by a stairway. On June 6, 1912, plaintiff, while descending the stairway, fell from near the top to the bottom and sustained some injuries. Plaintiff sued for damages and prevailed.

There is evidence on the part of plaintiff that, on the second or third step from the top, the tread had become cracked and that the outer part projected forward half an inch above the inner part of the tread. There is evidence that some time before the injury the attention of defendant's manager was called to the fact that the stairway was in bad condition and in need of repair. These facts are sufficient to sustain a finding of negligence.

Plaintiff's evidence is somewhat unsatisfactory, but we think it sufficient to sustain a finding that she fell from the defective step, that her fall was due to the fact that she caught her heel, and that the jury might infer that she caught her heel in the crack in the tread.

2. It is contended that plaintiff assumed the risk of using the stairway in the condition then existing. The burden of proof of assumption of risk is upon the defendant. To charge plaintiff with assumption of risk incident to the use of the stairs under these conditions, it must appear that the defect was known to her or was so obvious that one who owed no duty to inspect was bound to see it, and that she understood or, by the exercise of the intelligence with which she is gifted, ought to have understood the risk. Rase v. Minneapolis, St. P. & S. S. M. Ry. Co. 107 Minn. 260, 120 N. W. 360, 21 L.R.A. (N.S.) 138; Fitzgerald v. Armour

& Co. 129 Minn. 81, 151 N. W. 539. There is no doubt that plaintiff had used this stairway hundreds of times. Yet we cannot say as a matter of law that this particular defect was either known to her or obvious to her. The stairway was between two solid walls. There was a window near the head of the stairs, but there is evidence that it was kept covered with an iron shutter, and the stairway was described by plaintiff and her witness as "dark" or "quite dark." If this were true, the jury might find that her failure to observe the defect was excusable. For similar reasons she could not be charged as a matter of law with contributory negligence. That question was properly submitted to the jury.

3. The jury returned a verdict for plaintiff for $3,750. The trial court expressed the opinion that the verdict was excessive to a degree which fairly indicated that it was the result of passion and prejudice, that it should not be allowed to stand in excess of $2,750, and he ordered a new trial unless plaintiff consented to such reduction. Defendant contends that, since the trial court was of the opinion that the verdict was the result of passion and prejudice, the order for a new trial should have been absolute, and that it was not within the province of the court to allow the verdict to stand at all. This contention is not sustainable. The rule on this subject is so well stated by Justice Dickinson in Craig v. Cook, 28 Minn. 232, 237, 9 N. W. 712, that we here quote his language:

"It may naturally be supposed that, in general, where other issues than merely the amount of damages arise in a case, the same passion and prejudice which is indicated by the awarding of excessive damages, may have affected the determination of the jury upon other issues also; and if this should be deemed the fact, a new trial should be awarded. But, while it may hence be considered that the trial court ought not generally to refuse a trial *de novo,* where a verdict is so excessive as to lead to the conviction that the jury has been influenced by passion or prejudice in awarding it, yet, in a particular case, the court may feel satisfied that the verdict of the jury is right, and ought to stand, only that it is excessive in amount; and, where it does not appear that the court has exceeded the limits of discretion in such a case, its determination will not be disturbed."

This rule has been followed in a large number of cases for now more than 34 years. McKnight v. Minneapolis, St. P. & S. S. M. Ry. Co. 96

Minn. 480, 105 N. W. 673; Goss v. Goss, 102 Minn. 346, 113 N. W. 690; Johnson v. Great Northern Ry. Co. 107 Minn. 285, 119 N. W. 1061; Clark v. Scandinavian Am. Bank of St. Paul, 113 Minn. 93, 128 N. W. 1114; Pulaski Hall Assn. v. American Surety Co. of New York, 123 Minn. 222, 227, 143 N. W. 715. Some language to the contrary is found in the opinion in Hall v. Chicago, B. & N. R. Co. 46 Minn. 439, 451, 49 N. W. 239, but the statement in that case that the only safe rule in such cases is to set the verdict aside altogether, was not necessary to a decision of the case, and it has not been followed in later cases. Notwithstanding the distinguished authority of the writer of that opinion, we must decline to follow the rule there stated. We adhere to the rule of Craig v. Cook, supra, and the other cases cited, and hold that, in cases where damages are unliquidated and ascertainable by no fixed standard, a trial court may make an order for a new trial conditioned on a reduction of the verdict, even though the amount of the verdict is the result of passion and prejudice, if it may with reason be said that the same passion and prejudice did not affect the determination of other issues in the case. The matter rests largely in the discretion of the trial court. In this case we think the discretion of the trial court was not abused.

4. It is earnestly contended that the verdict as reduced is still excessive. The major part of the injury claimed is a dislocated kidney. Plaintiff is now suffering from this ailment. If it was caused by the accident, the damages are not excessive. If it was not, then the damages are excessive. Three physicians testified for plaintiff and two for defendant, and none of them gave expert opinions on this point. Plaintiff's witnesses were not asked to do so. This, however strange, is not decisive, since a jury may sometimes be permitted to judge for themselves whether a given ailment was caused by a fall. We think they might do so in this case. There is evidence that a fall or blow is the usual cause of dislocated kidney, that it is impossible to have a dislocated kidney without symptoms of pain or distress. Plaintiff testified that as far as she knew she was "perfectly well" before the fall. Her family physician, who had attended her from time to time for minor ailments, testified that before her injury the general condition of her health was good, that within a few months before the accident he made such an examination as would have discovered an ailment of this character, and

that he discovered nothing. He discovered the dislocated kidney by an examination made about two months after the accident. From these facts we think the jury might infer that plaintiff's fall caused the dislocated kidney. Schumaker v. St. Paul & Duluth R. Co. 46 Minn. 39, 48 N. W. 559, 12 L.R.A. 257; Moss v. Detroit & M. Ry. Co. — Mich. —, 154 N. W. 140. Evidence of the opinions of experts is usual in such a case, but if given in this case it would not have been conclusive upon the jury. Such evidence is designed to aid the jury in arriving at a just conclusion, but it does not exclude the exercise of their own judgment, save in that exceptional class of cases which concern matters of science or specialized art of which a layman can have no knowledge. Moratzky v. Wirth, 74 Minn. 146, 76 N. W. 1032; Continental Ins. Co. v. Chicago & N. W. Ry. Co. 97 Minn. 467, 107 N. W. 548, 5 L.R.A. (N.S.) 99. This is not such a case.

5. Evidence was received that after the accident defendant placed a railing on this stairway and replaced some of the lower steps. This is assigned as error. Such evidence is not admissible to prove a negligent condition at the time of the accident. Morse v. Minneapolis & St. L. Ry. Co. 30 Minn. 465, 16 N. W. 358; Lally v. Crookston Lumber Co. 82 Minn. 407, 85 N. W. 157. We think, however, there was no error in this case.

As to the railing, the evidence was first elicited by defendant's counsel himself. He is therefore in no position to assert that the court erred in receiving evidence of this fact.

The repair of the lower step is of little consequence in the case because no negligence was predicated on any defect therein, but the evidence introduced by plaintiff on this subject, if important at all, was justified by the fact that defendant had first offered proof that the condition of the stairs had not changed.

Order affirmed.