## ESTHER REID v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

March 25, 1927.

No. 25,936.

**Duty of street railway company toward an alighting passenger.**

1. A street railway company owes its passengers a duty to exercise ordinary care in selecting a reasonably safe place for them to alight in a street over which it has no control. .

**Error to admit proof of street repairs.**

2. In an action for personal injuries arising out of alighting from a street car on a defective street it is error to receive proof of repairs made soon after the accident to remove the alleged defects.

Carriers, 10 C. J. p. 625 n. 23; p. 628 n. 37; p. 858 n. 96; p. 862 n. 12; p. 915 n. 48; p. 945 n. 64; p. 946 n. 73; p. 1054 n. 6.

Action in the district court for Hennepin county to recover damages for personal injuries. The case was tried before Salmon, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its alternative motion for judgment or a new trial. Reversed.

*R. T. Boardman*, for appellant.
*Olof L. Bruce*, for respondent.

WILSON, C. J.

Defendant appealed from an order denying its alternative motion for judgment non obstante or a new trial.

[1] Reported in 213 N. W. 43.

Plaintiff, a passenger on a street car, in descending to the street, stepped on a bulge or hump two to five inches high in a creosote block paving which was covered by over two inches of snow. She fell and was seriously injured. It is claimed that defendant was negligent in failing to select a safe place for plaintiff to alight.

The street railway company, like any common carrier of passengers, must exercise the highest degree of care—commensurate with the practical management and operation of its business—for the protection and safety of its passengers. This embraces operation and maintenance of its cars, appliances, machinery, roadbed and passenger platforms. The reasons for the rule are obvious. Such high degree of care is flexible. It varies according to the exigencies that require vigilance and attention, conforming in amount and degree to the particular circumstances permitting also a due attention to other equally important duties.

This court in Lentz v. M. & St. P. S. R. Co. 135 Minn. 310, 160 N. W. 794, said that it was the duty of the street railway company to furnish a reasonably safe place for alighting, and in that behalf to exercise the high degree of care required by a common carrier of passengers. This language was appropriate in the Lentz case because the defective place there involved was its own rails which, because of a curve, were placed in the path of the passenger as she alighted. The instrumentality causing the place to be unsafe for alighting was a part of the company's property. The company was in control of and responsible for the condition of the place it selected for alighting.

The relation of passenger and carrier does not terminate, as a general rule, until the passenger has alighted. 3 Elliott, Railroads, § 1544, p. 340 (50); Ruddy v. Ingebret, 164 Minn. 40, 204 N. W. 630, 44 A. L. R. 159. But the public street is not a passenger station for which the company is responsible. It is not under the control of the company. From the relation of carrier and passenger springs the obligation to exercise care in selecting reasonably safe places for passengers to alight.

The general rule of high degree of care is applicable at all times until the relation is terminated. It has its limitations. This rule

is directed at the company's maintenance and operation, but we believe should not apply to the selection of a place to alight in the streets over which it has no control. It is the duty of the municipality to keep the streets in repair. It, if anyone, should be responsible for injuries resulting from street defects. It of course may not be the only one responsible for accidents connected therewith. The defective condition of the surface of the paved street which brought about plaintiff's injuries was not under the control of defendant. It cannot efficiently operate its system and exercise the highest degree of care in minutely watching for trivial surface defects such as are incident to traffic and the elements. It would be impracticable to require defendant to exercise the high degree of care in protecting a passenger against everything on the street upon which he might step and wrench an ankle. A small piece of coal, a stone, or an uneven surface due to traffic and the elements may imperil the safety of the place for alighting. Many street cars have a front and rear door. The motorman cannot be expected to meet the requirements of a high degree of care in guarding both doors from such obstructions nor in protecting the pathway from the presence of trivial defects in the paving or from humps of ice and snow. He has important and exacting duties to guard against well recognized street risks incident to vehicles and pedestrians upon the street which, with the constant necessity of having control of the car, command his attention. It is not reasonable to impose the duty of a high degree of care as to the condition of the street, which is presumably suitable for the intended use. Such dangers are not usually incident to the operation of a street railway business. They are not naturally to be apprehended. Nor is the passenger helpless in his own behalf. To exact such degree of care would be unworkable. The law does not impose rules incompatible with the ordinary operation of the business to which they relate. Ruddy v. Ingebret, supra.

Defendant meets its full duty toward a passenger in protecting him against surface defects, particularly in a paved street, when it exercises reasonable care in selecting a reasonably safe place for

him to alight. In order to impose liability for injuries resulting from such defects it should be shown that defendant had knowledge of the defective condition or that by the exercise of ordinary care it should have known of it. Whether the place is unsafe and whether such condition is known or could have been discovered by the exercise of ordinary care will usually be for the determination of the jury. Defendant was not an insurer of the safety of the place at which it stopped for the plaintiff to alight; and, if defendant exercised reasonable care in the selection of the place, it is not liable. The case having been submitted to the jury upon an erroneous theory as to the degree of care, there must be a new trial.

Plaintiff was permitted to introduce evidence tending to show that soon after the accident repairs were made to remove the bulge in the street by men who "had the regular streetcar number in their hats." This was error. Morse v. M. & St. L. Ry. Co. 30 Minn. 465, 16 N. W. 358; Lally v. Crookston Lbr. Co. 82 Minn. 407, 85 N. W. 157; Whitney v. Kaliske, 131 Minn. 261, 154 N. W. 1100. It was prejudicial if offered or used for the purpose of placing responsibility for the defective condition. It alone was insufficient for that purpose.

Reversed.