## CONSOLIDATED GREGORY COMPANY *v.* RABER.

AGENT OF MINING COMPANY — *extent of authority.* An agent of a mining company may employ laborers in the business of the company, but he cannot pledge the faith of the company to persons not so employed.

If an agent of a mining company employ a person to take care of a team which does not belong to the company, used by such agent while attending to the business of the company, and also while attending to the business of other parties for whom the agent is acting, such employment is beyond the scope of the agent's authority and the company is not liable for the wages of the person so employed.

1    511
3     87
3    161

1    511
11a  490

1    511
31    84

New trial — *evidence to support verdict.* In an action against a mining company by an employee, to recover for services rendered, a declaration by an agent of the company that the plaintiff should lose nothing by the company, and another declaration by a director of the company to the same effect, are to be regarded as admissions of the company and are sufficient to support the verdict.

Practice — *objection to testimony must be specific.* Upon a general objection to the declarations of an agent, made in the court below, the party cannot object in this court that the agent had no authority to bind his principal.

Practice — *where judgment has been taken for a greater sum than the ad damnum.* If judgment is obtained for an amount exceeding the damages laid in the declaration, the plaintiff in the judgment may remit the excess and take judgment in this court for the amount claimed in his declaration.

Costs — *when plaintiff below has taken judgment for too large an amount.* In such case appellant will be allowed costs in this court.

### *Appeal from District Court, Gilpin County.*

At the trial, M. B. Hays testified : "That he, as agent of defendant, employed the plaintiff in spring, 1867, at $60 per month, and that plaintiff worked for defendant about a year ; that the work of plaintiff was to take care of the team of James E. Lyon & Co., and to saw wood for the house and office, and there was due defendant on the 15th of January, 1868, the sum of $490 ; that he, the witness, was the agent for defendant, and for James E. Lyon & Co.; that the team was used by him in the business of defendant, and also while attending to the business of other companies."

Mrs. N. Buckman testified : That she had a conversation with Richman, agent of defendant, in 1868, in which she said to Richman, "I hope my brother will not lose any thing by the Consolidated Gregory Company," and he said, "He shall not." Witness was then asked about a conversation with Frank Parmelee. The defendant admitted that Parmelee was, at the time of the conversation, a director of the company. Witness then stated that she had a conversation with Parmelee in 1868, about the claim of plaintiff against defendant, and Parmelee said that plaintiff was a good boy, and should lose nothing by defendant.

The defendant objected generally to the evidence of Mrs. Buckman, but did not state the ground of objection. The

verdict was for $628.83, and the damages were laid in the declaration at $490. Appellee filed in this court a remittitur, by which he proposed to remit to the appellant the amount by which the verdict exceeds the *ad damnum* in the declaration.

Messrs. Johnson & Teller, for appellant.

Mr. L. C. Rockwell, for appellee.

Hallett, C. J. The business of the Gregory Company is mining, milling and melting ores. Raber was employed by the agent of the company to take care of a team, the property of Lyon & Co., which the agent says was used for the company. Lyon & Co. made no charge for the use of the team, and before Raber was employed the company had paid for its keep. I cannot perceive that these facts create any obligation on the part of the company to pay for Raber's services. If Lyon & Co. furnished the team without charge, this is no evidence to show a contract with the groom. It is true that the agent of the company states that he employed Raber for the company, but this was evidently beyond his authority. He could employ laborers in the business of the company, but he could not pledge the faith of the company to persons not so employed.

But the declarations of Richman, who was the successor of Hayes in the agency, and of Parmelee, who was a director of the company, must be regarded as an admission by the company of the indebtedness to Raber, and, therefore, a ratification of Hayes' act in employing him. The account was entered in the books of the company, and Richman objected to it when he took charge of the company's affairs. It is not shown that any other demand in favor of Raber stood upon the company's books, and it is fair to presume that both Richman and Parmalee referred to this demand in their answers to Mrs. Buckman's inquiries. Therefore it cannot be said that the verdict is not supported by the evidence, and, although the right of the plaintiff below is not very clear, we do not see that the court erred in refusing a

new trial. A general objection in the court below to the declarations of Richman and Parmelee cannot be made the basis of a specific objection in this court. If Richman and Parmelee had no authority to bind the company, the attention of the court below should have been drawn to the fact, for possibly the plaintiff would have furnished evidence of their authority if it had been questioned. The amount recovered exceeds the amount shown to be due, but appellee has remitted the excess, a practice sanctioned by high authority. *Bank of Kentucky* v. *Ashley*, 2 Pet. 327.

The *remittitur* will be received, reducing the judgment to $490, for which execution may issue from this court, and the appellant will be allowed costs in this court.

*Affirmed.*