[No. 4237.]

Dwyer v. The Smelter City State Bank of Durango.

| 30 | 315 |
| 31 | 85 |

1. **Statutory Construction—Borrowed Statutes.**

The rule that courts are bound to adopt the prior judicial construction given a borrowed statute in the state from which it is taken, is not inflexible, and should not control where such construction is clearly erroneous and has been repudiated and abandoned by the supreme court of that state.

2. **Jurisdiction—Justice of the Peace—Corporations—Penalties.**

Justices of the peace have jurisdiction of actions to recover penalties under section 508, 3 Mills' Ann. Stats., making it the duty of corporations to keep a book containing a list of stockholders for the inspection of the stockholders and creditors of the company, and providing that for any refusal to exhibit said list or to allow the same to be inspected and extracts taken therefrom, the corporation shall forfeit and pay to the injured party a penalty of fifty dollars and all the damages resulting therefrom.

*Error to the County Court of La Plata County.*

Mr. BARRY SULLIVAN and Messrs. MELVILLE & RUSSELL, for plaintiffs in error.

Mr. B. W. RITTER, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

Section 508, 3 Mills' Annotated Statutes, being a section of the chapter concerning corporations, after declaring it to be the duty of the directors of corporations to cause a book to be kept by the secretary, containing an alphabetical list of the stockholders, showing their residence and the number of shares of stock held by them respectively, for the inspection of the stockholders and creditors of the company, provides, among other things, that every officer or agent of any such company, who shall neglect to make any proper entry in such book, or shall refuse or neglect to exhibit the same, or allow the same to be inspected, and extracts taken therefrom, shall be, as provided by this section, deemed guilty of a misdemeanor, and the corporation shall forfeit and pay to the party injured a penalty of fifty (50) dollars for every such neglect or refusal, and all the damages resulting therefrom.

The plaintiff, being a stockholder or creditor of the corporation, demanded, so it is alleged in his complaint, of the officers of the defendant on two occasions the privilege of inspecting the books of the defendant, and upon refusal to permit him to do so brought suit in the justice's court to recover the sum of one hundred dollars as the penalties provided in the statute.

Before the justice, the defendant moved to dismiss the action for the reason that the court had no

jurisdiction of the subject matter. The motion was overruled. The cause proceeded to trial, and judgment was rendered in favor of the plaintiff for the sum of one hundred dollars. The defendant, having appealed to the county court, again made the motion to dismiss for want of jurisdiction of the justice of the peace, and the motion was granted.

The case is brought here by writ of error.

The only question for our determination is whether or not a justice of the peace has jurisdiction to try and determine an action brought under this statute. We are of opinion that the justice of the peace has jurisdiction of such causes, and that the motion to dismiss the appeal was improperly granted. Counsel call our attention to the fact that our statute granting jurisdiction to justices of the peace was taken from Illinois, and that prior to the adoption of the statute, the supreme court of the state of Illinois had held that such actions could not be brought before a justice of the peace and that such justices had not jurisdiction under that statute to try and determine causes so brought, and insist that under a well known rule of construction we are bound by the decision of the supreme court of Illinois. It has been stated on various occasions by this court that this rule is not inflexible, and that the court is not, under all circumstances, bound to follow the decisions of the courts of last resort of the state whence the statute is taken. In the case of *A. T. & S. F. Co. v. Farrow*, 6 Colo., 498, this court says: "The rule that courts are bound to adopt the prior judicial construction given a borrowed statute in the state from which it is taken, is not inflexible. Where such construction is clearly erroneous, harsh and oppressive, or where it is inconsistent with the spirit and policy of the laws of the state borrowing the statute, courts may, and frequently do, decline

to follow it. It can hardly be seriously contended that the rule should control in a case like the one at bar, where the supreme court has repudiated and abandoned its own construction.''

In the case of *Bowers v. Green,* 1 Scam., 42, the court says: ''The statute giving the penalty, authorizes the party injured to sue for the penalty, in any court having cognizance thereof. The question here arises, have justices of the peace any jurisdiction over penal actions. By a careful examination of the several cases enumerated in the general act giving justices of the peace jurisdiction, I am satisfied the legislature only intended—and such is the obvious import of the act—to confine their jurisdiction to actions arising on contract. An act for debt for a penalty inflicted by statute, can in no sense be considered as an express or even an implied contract. Statute penalties are in the nature of punishments, and persons who incur their liabilities are considered as *tort feasors.''*

In the case of *I. & St. L. R. R. Co. v. The Peopple,* 91 Ill., 452, the court says: ''It is urged, that as section 51 does not state what courts may take jurisdiction, a justice of the peace could not try the cause; that where the statute fails to name the court which shall have jurisdiction, the implication is that it is intended to be conferred on a court of general jurisdiction. Where the statute does not specify the court which shall take cognizance of the cause, and there is no general provision as to other courts, the presumption may possibly be the legislative design is that the penalty shall be sued for and recovered in a court of general jurisdiction. Sec. 13 of the Justice of the Peace act provides, that justices of the peace, amongst other cases, shall have jurisdiction ''in all cases where the action of debt or assumpsit will lie, if the damages do not exceed $200.

No one will claim that an action of debt will not lie to recover a penalty given by statute, unless otherwise provided. It being an action of debt, and the penalty being $200, it would violate the language of the statute to hold a justice of the peace has no jurisdiction of the case. It is a case where an action of debt will lie, and, therefore, is embraced in the statute."

Section 51, mentioned by the supreme court, provided that "Every engineer violating the provisions of the preceding section, shall, for each offense, forfeit $100, to be recovered in an action of debt in the name of the people of the state of Illinois, or by any person who may sue for the same, and the corporation on whose road such offense is committed shall forfeit the sum of $200, to be recovered in like manner."

It will thus be seen that while the early decision of Illinois holds that justices of the peace have not jurisdiction to recover the penalty prescribed in a statute, the latter decisions of that court hold to the contrary, and under such circumstances we do not think that the rule contended for is applicable. Debt was the proper action at common law for the recovery of penalties under statutes such as this. —*Chaffee v. United States,* 18 Wall., 516.

. The language of our statute is the same as that of Illinois, and provides that justices of the peace shall have jurisdiction "for all debts or demands claimed to be due, not exceeding three hundred dollars, in which the action of debt or assumpsit will lie;" and we are clearly of the opinion that the action for debt is the proper remedy, and that justices of the peace have jurisdiction to try and determine such causes.

The judgment will be reversed and the cause remanded.                              *Reversed.*