[No. 4256.]

## THE F. M. DAVIS IRON WORKS COMPANY v. WHITE.

1. **Statutory Construction—Borrowed Statute.**

Where a code provision was taken from another state after it had received a construction by the courts of that state such construction is persuasive and instructive, but not conclusive, upon the courts of the state adopting the provision.

2. **Practice—Personal Injuries—Excessive Damages—Remittitur —New Trial.**

Where in an action for damages for personal injuries, and others standing on like grounds, a verdict is excessive, and was returned as a result of passion or prejudice on the part of the jury, it is beyond the power of the trial court to order a remittitur as to the part which it deems excessive and enter a judgment for the residue, but it should be set aside in its entirety and a new trial awarded.

*Appeal from the District Court of Arapahoe County.*

Messrs. WOLCOTT, VAILE & WATERMAN and Mr. W. W. FIELD, for appellant.

Mr. GEORGE C. NORRIS and Mr. EMERSON J. SHORT, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

In this action, brought for the recovery of damages for personal injuries, there was a verdict for plaintiff in the sum of thirty thousand dollars. Upon a motion for a new trial, based in part upon the fifth subdivision of section 217 of the code, which declares that a new trial may be granted to the aggrieved party where excessive damages against him appear to have been given under the influence of passion or prejudice, the trial court, having found that the damages as awarded by the jury were excessive thereunder, said to the plaintiff that a new trial would be granted upon defendant's application therefor on the ground alleged unless he voluntarily remitted from the verdict the sum of fifteen thousand dollars. The plaintiff consented thereto, and judgment was thereupon entered for the balance of the verdict in his favor in the sum of fifteen thousand dollars.

The case has been appealed by the defendant and numerous errors assigned and argued by counsel, but as the judgment must be reversed because of the action of the court with reference to the remittitur, the discussion will be confined to that question alone. The other questions so elaborately presented may not again arise in the event of another trial.

It conclusively appears from the record that the district court, in passing upon the motion for a new trial, held that the verdict was excessive, and that it was given under the influence of prejudice or passion of the jury, in which we concur. The sole question, therefore, is: Had that court, or has this court, in the circumstances, power, as against the objection of defendant, to render judgment for the balance of the

verdict returned by the jury as the result of passion and prejudice, after the court has remitted from the amount the part which it deems excessive?

It would be impossible to reconcile the conflicting authorities upon this question, and we shall not attempt to do so. Neither this court nor the court of appeals has squarely passed upon the question, though in several cases both tribunals have recognized the power of a trial court, as well as one of review, to order a remittitur of part of a verdict and render judgment for the residue. In *Town of Salida v. McKinna,* 16 Colo. 523, the trial court, in a personal injury case, required the plaintiff to remit part of his verdict, but no error was assigned to the ruling by defendant. In other cases, in most of which the damages awarded were in accordance with a fixed rule, the practice was recognized, but no objection to it was raised.—*Cons. Gregory Co. v. Raber,* 1 Colo. 511; *Chapin v. Goodell,* 2 Colo. 608; *Hochmark v. Richler,* 16 Colo. 263.

The nearest approach to the question with which we are now confronted was in *Sills v. Hawes,* 14 Colo. App. 157, wherein it was said that when, on a motion for a new trial on the ground that the verdict was excessive, the court required plaintiff to remit part of the amount, and entered judgment for the balance, it was an error, if at all, that could not prejudice the defendant, and so no ground for reversal on the latter's appeal. That, however, was an action for damages for the unlawful taking and conversion of personal property and for ouster from real estate. There was a fixed standard for the measure of damages in that sort of an action, and the excess, apparently, was easily ascertained from the record; besides, there was no finding, either by the trial court or the court of appeals, that the largeness of the amount of the verdict was the result of any improper conduct by the jury.

It is, therefore, not only on principle, but according to the best authorities, clearly distinguishable from the case in hand. Any general expressions found in the opinion that seem opposed to our conclusion cannot stand.

Appellee says that our code provision was taken from California, and there received a construction before its adoption in this state, upholding his contention, and, therefore, the California decisions must be taken as controlling in our courts. They are persuasive and instructive, but not conclusive.—*A. T. & S. F. R. Co. v. Farrow,* 6 Colo. 498; *Ins. Co. v. Ross-Lewin,* 24 Colo. 43; *Dwyer v. Smelter City Bank of Durango,* 30 Colo. 315.

In *Kinsey v. Wallace,* 36 Calif. 462, the practice of ordering a remittitur was upheld by a divided court. In the majority opinion it was said that verdicts should not be allowed to stand which so far exceed all reasonable bounds as to raise a just presumption that they proceeded from passion or prejudice. Sawyer, C. J., in a dissenting opinion, held that the verdict in that case was not excessive, and that unless it was, and proceeded from passion or prejudice, the court was not authorized to disturb it on that ground.

*Gregg v. R. R. Co.,* 59 Calif. 312, cited by our court of appeals, was an appeal by both parties, but it does not appear from the opinion that defendant objected to the ruling of the trial court allowing a remittitur, and the case went off on plaintiff's appeal only.

Some decisions of this court other than those already cited throw light on the question, though they are not exactly in point. In *Caldwell v. Willey,* 16 Colo. 169, the verdict under consideration was clearly the result of a mistake or misapprehension or bias, and the court declared it should have been unhesitatingly set aside, notwithstanding the fact that a

court of last resort is loath to interfere with findings of fact by a jury.

In *Lamar, etc., Co. v. Craddock,* 5 Colo. App. 203, it was said that where a verdict is evidently the result of bias or prejudice, it should in all cases be set aside. In other cases in both courts simliar expressions are found.

In the earlier cases in Wisconsin, like *Potter v. C. & N. W. Co.,* 22 Wis. 615, the right of a court, as against the objection of a defendant, to allow the plaintiff to remit the excess and give him judgment for the residue was denied; but in later cases, as in *Baker v. Madison,* 62 Wis. 137, 150, the rule was relaxed to the extent of authorizing the court to relieve the plaintiff from the delay and expense of another trial when the only fault in the verdict is that it is given for too large an amount. It was clearly indicated that if the excess was due to improper conduct on the part of the jury, the proper practice would be to set aside the verdict altogether.

In 14 Enc. Pl. & Pr., 763 *et seq.* and in 18 *Ibid,* 123 *et seq.,* various cases, more or less in conflict, are collated. We do not encumber this opinion with a further citation of them, but an examination will show that different courts prescribe different tests for determining when the power to order a remittitur should, and when it should not, be exercised.

In 1 Sutherland on Damages, § 811, the opinion of the learned author is that a plaintiff who has recovered a verdict which, as rendered, is clearly erroneous, and who seeks to avoid a reversal by striking off a part, should satisfy the court, either by matter in the record or by fair presumption, that this can be done without injustice to the defendant; but where it is impossible to tell how the jury made up their verdict so as to correct the error and arrive at the amount that should have been given, justice between

the parties cannot be done by a remittitur.   To same
effect  see  3  Sedgwick  on  Damages  (8th  ed.),
§§ 1320-2.

The supreme court of the United States in sev-
eral cases has held that it is not error that the court
below, after motion to set aside a verdict as excessive,
ordered that the motion should be granted unless
plaintiff should remit the amount deemed by the court
to be in excess.   Some of these were actions for dam-
ages for breach of contract, others for torts.   A dis-
tinction was drawn in *Arkansas Valley L. & C. Co. v.
Mann*, 130 U. S. 69, the application of which makes
the action of the trial court here erroneous.   That was
an action for damages for the conversion of a herd of
cattle.   One of the grounds urged upon the court for
a reversal was that the court below required plaintiff
to remit a portion of the verdict returned by the jury
and entered judgment for the residue.   This order of
the lower court was based upon its finding that the
judgment was excessive.   The supreme court held
that this action was proper, but if improper was not
subject to a review in that case.   In speaking to the
point made by plaintiff in error that the trial court
could not have required the plaintiff to remit so large
a sum except upon the theory that the jury, in finding
their verdict, were governed by some improper mo-
tive, and for that reason it was the duty of the trial
court to set it aside as one not fit to be the basis of
the judgment, the court, by Mr. Justice Harlan, said:
"Undoubtedly, if such had been the view which the
court entertained of the motives or conduct of the
jury, it would have been in accordance with safe prac-
tice to set aside the verdict and submit the case to an-
other jury;" and quoted with approval from *Stafford
v. Haircloth Co.*, 2 Cliff. 82, where Mr. Justice Clif-
ford made the following observation:   "Such errors
may in many cases and under most circumstances be

obviated by remitting the amount of the excess, but where the circumstances clearly indicate that the jury were influenced by prejudice or by a reckless disregard of the instructions of the court, that remedy cannot be allowed. Where such motives or influences appear to have operated, the verdict must be rejected, because the effect is to cast suspicion upon the conduct of the jury and their entire finding."

From this it appears that, in the judgment of the supreme court of the United States, where the fault found with the verdict is not that it is merely excessive, but the largeness of the amount is due to improper motives on the part of the jury, a remittitur does not cure the defect, but the verdict should be set aside in its entirety.

In the subsequent case of *Koenigsberger v. Richmond S. M. Co.*, 158 U. S. 41, 52, the action of the trial court in ordering a remittitur was sustained upon the ground that it could readily be seen by computation what the amount of the excess verdict was. So in *Hansen v. Boyd*, 161 U. S. 397, it was said that the rule had been adopted in the federal courts that it is proper either for the trial court upon an application for a new trial, or for an appellate court in reviewing a judgment, to permit the party in whose favor a verdict or judgment has been returned or entered to avoid the granting of a new trial on account of error affecting only a part thereof, by entering a remittitur with reference to such erroneous part when the court can clearly distinguish and separate the same.

In the earlier cases in Missouri the doctrine was announced that in actions of tort for personal injuries it was beyond the power of the court to order a remittitur. In the late case of *Burdict v. Mo. Pacific R. Co.*, 26 L. R. A. 384, the majority opinion so far relaxed the rule as to permit of such action when there is a mere excess of damages not due to passion or

prejudice. Strong dissenting opinions were written by three of the learned judges of that court against even this modification of the former rule. But even under the doctrine laid down in the majority opinion, the action of the trial court in the case at bar cannot be sustained. In that opinion it is said: "If it can be seen and fairly said, the jury gave the excessive verdict by reason of prejudice, passion, or any other improper motive, a new trial should be awarded; for the inference would be a fair one that the finding for the plaintiff was also brought about by improper influences." And because, as the court said, there was nothing in the verdict by which it could be said that the jurors were actuated by any improper influence, and there was no error save that the damages were excessive, the court might estimate the excess and allow the plaintiff to remit it, and take a judgment for the residue. Annexed to the report of this case are numerous authorities bearing upon the question decided.

The result of our conclusion is—and that is the only point which we decide—that, under our code, where, in an action for personal injuries, and others standing on like grounds, a verdict is excessive, and was returned as the result of passion or prejudice upon the part of the jury, it should be set aside in its entirety and a new trial awarded, and that it is beyond the power of a trial court to order a remittitur as to the part which it deems excessive and enter judgment for the residue, because the entire verdict is vitiated by the improper motive, and it is impossible for the court to determine that any particular part is free from objection and some other part is bad. The learned district judge, upon first impression, was of opinion that the verdict should be set aside in its entirety, but upon subsequent investigation concluded that the power to order a remittitur,

though not strictly one that was inherent in the court, might nevertheless be exercised if the plaintiff consent, because the reduction of the verdict is in favor of the defendant and therefore he is not in a position to complain. This reason, at first blush plausible, is the one often given. The injury to a defendant in such circumstances does not consist in the mere striking from a verdict of a portion of it, but in entering judgment against him for any part of a verdict, the whole of which is vitiated by improper motives of a jury. The judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed.*