EDWARD W. EWING v. ALPHEUS B. STICKNEY and Another.[1]

February 26, 1909.

Nos. 15,960—(241).

**New Trial—Verdict Influenced by Prejudice.**

The plaintiff was injured while in the employ of the defendants as a yard switchman, and recovered in this action $9,125 damages on account of his injuries. The trial court granted a new trial unless the plaintiff consented to reduce his verdict to $7,000. He did so, and defendants appealed. *Held*, where the award of damages is so excessive as to indicate that they were given under the influence of passion or prejudice, and the circumstances are such as to show a fair probability that the jury were influenced by the same passion or prejudice in determining other issues that induced them to give excessive damages, a new trial should be granted absolutely.

**Same—Excessive Damages.**

In view of the excessive damages and the newly discovered evidence, the trial court should have granted a new trial absolutely, instead of reducing the damages.

Action in the district court for Ramsey county against the receivers of the Chicago Great Western Railway Company to recover $25,000

[1] Reported in 119 N. W. 802.

damages for personal injuries while plaintiff was in their employ. The case was tried before Orr, J., and a jury which returned a verdict in favor of plaintiff for $9,125. The court granted an order for a new trial, unless plaintiff filed his consent to a reduction of the verdict to $7,000. Plaintiff consented to the reduction and defendants appealed from the order. Reversed and new trial granted.

*A. G. Briggs, W. J. Ainsworth,* and *T. P. McNamara,* for appellants.

*T. D. Sheehan,* for respondent.

START, C. J.

The plaintiff, on the morning of January 12, 1908, entered the service of the defendants as a yard switchman in their yards at Clarion, Iowa. He was twenty five years old. On the night of the same day he was injured by reason of a defective engine and the negligence of the engineer operating it, who suddenly reversed the engine, thereby jerking the car on which the plaintiff was riding, throwing him therefrom, and causing his left hand to come in contact with the track and beneath the wheels of a car. His left hand was so crushed by the wheels that it was necessary to amputate the first and second fingers about an inch above the knuckle, and the hand was otherwise injured, so that for manual labor it will be of no practical use. This action was brought in the district court of the county of Ramsey to recover damages on account of such injuries. Verdict for $9,125. The defendants made a motion for judgment notwithstanding the verdict or for a new trial, on the ground that the verdict was not justified by the evidence, that the damages were excessive, and on the further ground of newly discovered evidence. The trial court denied the motion for judgment, but found the damages excessive, and ordered a new trial unless the plaintiff would consent to a reduction of them to $7,000. The plaintiff so consented, and the defendants appealed from the order.

We are of the opinion that the question of the defendant's negligence was one of fact, and that upon the record the defendants were not entitled to judgment notwithstanding the verdict. As there must be a new trial, we refrain from discussing the evidence.

The contentions of the defendants that the damages were excessive

and that a new trial should have been granted on account of newly discovered evidence are closely connected and will be considered together. The diminution of the plaintiff's earning capacity by reason of his injury was an important factor in the assessment of his damages, and the amount he was earning before he was disabled was a weighty element for the consideration of the jury. Thompson v. Great Northern Ry. Co., 79 Minn. 291, 82 N. W. 637. Again, where the award of damages in any case is so excessive as to indicate that they were given under the influence of passion or prejudice, and the circumstances as disclosed by the evidence are such as to show a fair probability that the jury were influenced by the same passion or prejudice in determining other issues that induced them to give excessive damages, a new trial should be granted absolutely, instead of reducing the damages. Goss v. Goss, 102 Minn. 346, 113 N. W. 690.

The plaintiff testified, relevant to his earning capacity before he was injured, to the effect that he earned for a time $10 per day as a rougher in the mill of the Republic Steel & Iron Company at Alexandria, Indiana, and that he earned $125 per month for three years as a switchman for the same company in its yards at the same place. The motion for a new trial on the ground of newly discovered evidence was based upon the affidavits of the defendant's counsel, tending to show diligence, and the affidavits of four employees of the steel company, who were in a position to know what wages the plaintiff received when working for the company, which were to the effect that his wages did not exceed $2.50 per day during the time he was in the employ of the company.

It is true that, as a general rule, a new trial will not be granted on the ground of newly discovered evidence which is simply impeaching or cumulative. There are exceptions to the rule. See Hanson v. Bailey, 96 Minn. 274, 104 N. W. 969. The newly discovered evidence in this case was not cumulative. It was impeaching; but it was also original evidence relevant to an important issue, the amount of damages the plaintiff had sustained. While such evidence could not in any way, except as impeaching evidence, affect the main issue, the plaintiff's right to recover some damages, yet it would directly affect the question of the amount of the damages. The record

affords no warrant for assuming that the plaintiff's testimony as to his earning capacity did not affect the amount of the verdict.

Great caution should be exercised in granting new trials on the ground of newly discovered evidence, and where a motion is made for a new trial solely on such ground, and is denied by the trial court, this court will not disturb the ruling, except where there was a clear abuse of discretion by the trial court. If, in this case, the newly discovered evidence was the sole ground upon which the motion for a new trial was based, we would hesitate long before reversing the order denying it; but such is not the case. The real question is whether, in view of the excessive award of damages, as found by the trial court, and in view of the newly discovered evidence, the court ought not to have granted absolutely a new trial, instead of granting it unless the plaintiff consented to reduce the damages in the sum of $2,125. We are of the opinion that the order for a new trial should have been absolute.

Order reversed and new trial granted.