# PETER KERLING v. G. W. VAN DUSEN & COMPANY.[1]

February 17, 1911.

Nos. 16,970—(265).

**Reduction of verdict sustained — evidence.**

Action for death of plaintiff's intestate, a son seventeen years old. Verdict for $5,000, which the trial court reduced to $3,000. *Held*, that there was no abuse of discretion in reducing the verdict, instead of granting a new trial, and that, as reduced, the award of damages is sustained by the evidence.

Action in the district court for Yellow Medicine county by the administrator of the estate of Andrew Kerling, deceased, to recover $5,000 for the death of his intestate. After the second appeal, 109 Minn. 481, 124 N. W. 235, 372, the case was tried before Powers, J., and a jury which returned a verdict in favor of plaintiff for $5,000. Defendant's motion for judgment notwithstanding the verdict was denied, and a new trial was granted unless plaintiff consented to a reduction of the verdict to $3,000. From the order granting a new trial, it appealed. Affirmed.

*Morton Barrows*, for appellant.

*Thomas E. Davis, Ernest A. Michel* and *John I. Davis*, for respondent.

START, C. J.

The plaintiff's intestate was his son, who was seventeen years old at the time of his death. This action was brought in the district court of the county of Yellow Medicine to recover damages for his death, which the complaint alleged was caused by the defendant's negligence. The facts of the case fully appear in the opinion of the court on the first appeal, which was from an order denying defendant's motion for judgment or a new trial after verdict of $1,200 for plaintiff. The order was reversed, and a new trial granted. See

[1] Reported in 129 N. W. 1048.

108 Minn. 51, 121 N. W. 227. The second trial resulted in a verdict of $4,500 for the plaintiff, and defendant again appealed. A new trial was granted. 109 Minn. 481, 124 N. W. 235, 372. On the third trial a verdict of $5,000 was returned. The defendant made a motion for judgment notwithstanding the verdict or a new trial. The trial court made its order denying the motion for judgment, but granting a new trial unless the plaintiff consented to a reduction of the verdict to $3,000, but, if he did, the motion should stand denied. He so consented, and the defendant appealed from the order.

Nearly all of the assignments of error are directed to the rulings of the trial court as to admission of evidence and to its charge and refusal to charge. Many of the questions so raised were disposed of adversely to the defendant on the former appeals, and have become the law of the case. We have considered all of the others on their merits, and find no reversible errors in the rulings of the court or in its instructions.

The evidence sustained the verdict, except as to the damages awarded. They were excessive, but were reduced by the court and consent of the plaintiff. It is, however, urged that the damages were so excessive as to indicate that the jury were influenced by passion and prejudice in the consideration of other material issues; hence a new trial, and not a reduction of the verdict, should have been ordered. This was a matter resting largely in the sound judicial discretion of the trial court, and its action will not be reversed except for an abuse of discretion. Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A.(N.S.) 439, 111 Am. St. 462; Goss v. Goss, 102 Minn. 346, 113 N. W. 690. In view of the history of this case, we are of the opinion that the trial court did not abuse its discretion.

The defendant further urges that the damages, as reduced, are excessive, and that the evidence is not sufficient to sustain a verdict for $3,000. The award of damages, as reduced, is liberal; but it is supported by the evidence within the rule applicable to such cases. O'Malley v. St. Paul, M. & M. Ry. Co., 43 Minn. 289, 45 N. W. 440; Gray v. St. Paul City Ry. Co., 87 Minn. 280, 91 N. W. 1106;

McVeigh v. Minneapolis & R. R. Ry. Co., supra, page 450, 129 N. W. 852.

Order affirmed.

JAGGARD, J., took no part.