# CHARLOTTE M. CARPENTER v. THE VILLAGE OF DICKEY,
## a Municipal Corporation.

(143 N. W. 964.)

**Personal injury action — village — defective sidewalk — instructions — damages — future medical attention.**

1. In an action for personal injuries alleged to have been caused by a defective sidewalk which defendant village negligently maintained, instructions examined, and *held* to state the law correctly, with the exception of one instruction which authorized the jury to include as an element of damages the sum of $75 for future medical attention, which latter instruction is held erroneous.

**Evidence — defective sidewalk — knowledge thereof — village authorities — accident.**

2. Evidence examined, and *held* sufficient to warrant a finding that the defective sidewalk had existed for a sufficient time prior to the accident to impute to the village authorities knowledge of its existence; also to warrant a finding that the accident happened in the manner alleged.

**Evidence insufficient — recovery — future medical aid.**

3. Evidence *held* insufficient to support the recovery of the item of $75 for future medical aid.

**Award of damages — grossly excessive — passion — prejudice — jury — new trial — motion — discretion — abuse of — remittitur of part of recovery — power of court.**

4. Plaintiff's left ankle was badly sprained, and there is some evidence that such injury will be permanent, but there is no allegation or proof that her earning capacity will be diminished by reason thereof. The jury awarded the full amount prayed for, $5,318.05.

*Held*, so grossly excessive as to shock the sense of justice and to show passion and prejudice of the jury. Under these circumstances, defendant's motion for a new trial upon the statutory ground of "excessive damages, appearing to have been given under the influence of passion or prejudice," should have been granted, and it was an abuse of discretion to deny the same. Where the verdict is thus tainted in actions involving unliquidated damages, and where it appears probable that such bias and prejudice also actuated the jury in the de-

Note. — The general question of the liability of a municipality for defects in sidewalk is treated in a note in 20 L.R.A.(N.S.) 591. And for authorities on the question of constructive or implied notice to municipality of defects in sidewalk, see note in 20 L.R.A.(N.S.) 705.

cision of the other issues, the court has no power to authorize a remittitur as to a portion of the recovery in lieu of a new trial.

Opinion filed October 10, 1913. Rehearing denied November 4, 1913.

Appeal from District Court, La Moure County, *J. A. Coffey*, J.

From a judgment in plaintiff's favor, and from an order denying a motion for a new trial, defendant appeals.

Reversed and new trial ordered.

*Jones & Hutchinson,* for appellant.

The question of the *negligence* of the village in permitting the hole to remain in the sidewalk was one for the jury, and not for the court to assume, as a fact. The matter was in dispute, in the evidence. Bauer v. Dubuque, 122 Iowa, 500, 98 N. W. 355.

Negligence is not presumed from the mere fact that injury follows some act. Damages in cases like this one are compensatory only. Missouri, K. & T. R. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508; Texas C. R. Co. v. Brock, 88 Tex. 310, 31 S. W. 500; St. Louis Southwestern R. Co. v. Smith, — Tex. Civ. App. —, 63 S. W. 1064.

Damages, by way of compensation for *future medical aid,* are not allowable. Nichols v. Dubuque & D. R. Co. 68 Iowa, 732, 28 N. W. 44, 3 Am. Neg. Cas. 370.

The damages awarded are so excessive as to clearly indicate that they were awarded under the influence of passion and prejudice. Damages, in such cases, should be awarded fairly and justly, to compensate for the loss and injury. Kennedy v. St. Paul City R. Co. 59 Minn. 45, 60 N. W. 810, 12 Am. Neg. Cas. 154; Orleans v. Perry, 24 Neb. 831, 40 N. W. 417; Johnson v. St. Paul City R. Co. 67 Minn. 260, 36 L.R.A. 586, 69 N. W. 900, 1 Am. Neg. Rep. 93; Bennett v. E. W. Backus Lumber Co. 77 Minn. 198, 79 N. W. 683; Evans v. Iowa City, 125 Iowa, 202, 100 N. W. 1112; Hoffman v. North Milwaukee, 118 Wis. 278, 95 N. W. 274; Fry v. Great Northern R. Co. 95 Minn. 87, 103 N. W. 733, 18 Am. Neg. Rep. 495; Northrup v. Haywood, 99 Minn. 299, 109 N. W. 241; South Omaha v. Fennell, 4 Neb. (Unof.) 427, 94 N. W. 632; Chicago, B. & Q. R. Co. v. Krayenbuhl, 70 Neb. 766, 98 N. W. 44.

26 N. D.—12.

*M. C. Lasell* and *Knauf & Knauf,* for respondent.

The evidence as to the necessity for future medical treatment, and as to the cost of same, is simple, and was a proper element of damages to submit to the jury, and the charge of the court upon such question stated the law correctly,—when read as a whole. McBride v. Wallace, 17 N. D. 495, 117 N. W. 857; Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841.

Contributory negligence, to avail the defendant, must be pleaded, and then proved. There is no allegation or proof of such negligence. Carr v. Minneapolis St. P. & S. Ste. M. R. Co. 12 N. D. 217, 112 N. W. 972.

The jury in its sound discretion may award damages for future pains, inconvenience; and future expenditures. Cole v. Seattle R. & S. R. Co. 42 Wash. 462, 85 Pac. 3; Illinois C. R. Co. v. Cole, 165 Ill. 334, 46 N. E. 275; Western U. Teleg. Co. v. Woods, 88 Ill. App. 375.

The damages awarded were not excessive. Quinn v. Long Island R. Co. 34 Hun, 331; Morrison v. Broadway & S. Ave. R. Co. 55 Hun, 608, 28 N. Y. S. R. 498, 8 N. Y. Supp. 436; Chicago v. Langlass, 66 Ill. 361; Galloway v. Chicago, M. & St. P. R. Co. 56 Minn. 346, 23 L.R.A. 442, 45 Am. St. Rep. 468, 57 N. W. 1058; Howe v. Minneapolis, St. P. & S. Ste. M. R. Co. 62 Minn. 71, 30 L.R.A. 684, 54 Am. St. Rep. 616, 64 N. W. 102; Furnish v. Missouri P. R. Co. 102 Mo. 438, 22 Am. St. Rep. 781, 13 S. W. 1044; Bitner v. Utah C. R. Co. 4 Utah, 502, 11 Pac. 620; International & G. N. R. Co. v. Mulliken, 10 Tex. Civ. App. 663, 32 S. W. 152, 6 Am. Neg. Cas. 718; Beltz v. Yonkers, 74 Hun, 73, 26 N. Y. Supp. 106.

A new trial will not be granted on merely cumulative evidence. State v. Brandner, 21 N. D. 310, 130 N. W. 941; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762.

Fisk, J. Action to recover damages for personal injuries suffered by plaintiff as a result of the alleged negligence of defendant village in failing to maintain its sidewalks in a reasonably safe condition for pedestrians. The complaint alleges and the plaintiff's proof tends to show that she, a widow lady thirty-eight years of age and the mother of four children, while walking on one of the sidewalks in such village

after dark, stepped in a hole about 1 foot deep, and fell upon her left side, severely spraining her left ankle and otherwise injuring her person, and that such injury to her ankle is of a permanent nature, causing her much pain and suffering. Plaintiff offered testimony tending to show the dangerous character of such hole, and that it had existed a considerable time prior to the accident, while defendant sought to show that the hole was only a few inches deep, and furthermore, that it had not existed for a sufficient length of time to impute to defendant's officers knowledge of its existence. Upon these questions the testimony was, as usual in such cases, very conflicting, but we have no hesitancy in holding that the jury was fully warranted under the evidence in reaching a conclusion on the facts favorable to plaintiff's contentions. A review of the testimony in this opinion would serve no useful purpose, and would extend the opinion to an unwarranted length.

A verdict was returned in plaintiff's favor for the sum of $5,318.05, being the full amount prayed for in the complaint, pursuant to which a judgment was accordingly entered. Thereafter a motion for a new trial upon the statutory grounds of alleged newly discovered evidence, excessive damages, insufficiency of the evidence to justify the verdict, and errors of law occurring at the trial, was made and denied, and defendant appeals both from the judgment and from the order denying said motion.

The errors assigned and which are argued in the brief are predicated upon the giving of certain instructions, and upon the denial of defendant's motion for a new trial in so far as it is based upon the grounds of alleged insufficiency of the evidence, excessive damages, and newly discovered evidence. These assignments will be disposed of in the order above mentioned.

The portion of the instruction first complained of is as follows: "It is necessary for the plaintiff to prove, in order to recover, that on the 26th day of April, 1910, she was injured upon the said sidewalk within the village of Dickey; that at the time of said injury she was proceeding upon said street and sidewalk. It is also incumbent upon the plaintiff to prove that she had been damaged, and for you to determine from the evidence introduced under these instructions the amount of such damage, if any." It is argued that by such instruction the court attempts to set forth the facts necessary for the plaintiff to prove in

order to maintain her action, and the court failed to enumerate all the necessary elements, and in this way the jury was misled. Counsel do not challenge the correctness of the instruction so far as it goes, but they complain that the court did not incorporate therein other essential elements necessary to be proved, such as the fact that the sidewalk upon which she was proceeding was defective; that the village had actual knowledge of such defect, or, in the exercise of reasonable care, should have known thereof; and that plaintiff was proceeding with due care, and did not contribute to the injury received. There is no merit in counsel's criticism of such instruction. The portion above quoted is a mere excerpt taken from the charge, and does not purport to enumerate all the things necessary for the plaintiff to prove in order to recover. Immediately following such part of the charge, the court instructed the jury as follows: "Before the plaintiff can recover in this action she must satisfy you, by a fair preponderance of the evidence, that the defendant was guilty of negligence in its failure to keep and maintain the sidewalk upon said street, at the time and place described in the complaint, in a reasonably safe condition; and the burden of proof, as I have already stated, is upon the plaintiff to establish by a fair preponderance of the evidence the amount of damages which she has sustained.

"The law imposes upon incorporated municipalities the duty to exercise reasonable care to keep its streets and sidewalks in a reasonably safe condition for use by persons traveling thereon. The village corporation is not an insurer against injuries received by reason of defects in its streets or sidewalks; if it maintains them in a reasonably safe condition it is not liable; and in this case, if you believe from all the facts and circumstances shown in the evidence that the place where the plaintiff claims to have been injured was in such condition for travel thereon, or thereover, that a person while in the exercise of ordinary care for her own safety would have passed safely over, then the defendant is not liable in this case.

"The village of Dickey is held to the exercise of reasonable care in the construction and maintenance of the sidewalks upon its streets."

The court then proceeds to accurately define reasonable care, and thereafter instructs the jury as follows: "The plaintiff alleges a failure on the part of the defendant to exercise such a degree of care and

conduct, and this failure on the part of the defendant is called negligence; in other words, the plaintiff alleges that the defendant has been negligent in its failure to keep its sidewalks in a reasonable safe condition. The particular negligence of which the plaintiff complains is that there was a hole in the sidewalk, and that the same had existed in that condition for some time prior to the alleged accident; and that the defendant, its officers, and agents had actual notice for some time prior to the said accident. A village is bound to the exercise of reasonable prudence and diligence in the construction and maintenance of its sidewalks, and is not required to foresee and provide against every possible danger or accident that may occur. It is only required to keep its streets and sidewalks in a reasonable safe condition or in such condition that persons in the pursuit of business or in the common walks of life, while using due and reasonable care, may pass along with safety to themselves and their persons."

The defendant made no request for additional instructions, and furthermore, it is entirely clear that the instruction, when construed in connection with the other portions of the charge, states the law correctly and fully.

Appellant next complains of the following instruction: "If you find from the evidence that there was a hole in said sidewalk, and that the same was known, or in the exercise of due care ought to have been known, to the defendant at the time of the accident, then it is for you to say whether or not the defendant has exercised due and reasonable care in reference thereto; and if you further find that the defendant has not exercised reasonable care in reference thereto, and that the said hole in the sidewalk was the proximate cause of the injury, then your verdict should be for the plaintiff."

It is urged that this instruction is faulty in that it assumes the negligence of the defendant by permitting a hole to remain in the sidewalk, regardless of its dimensions, and that the jury should have been left to say whether the hole, which in fact existed, constituted negligence on defendant's part. Here, again, counsel have selected a portion of the charge, and ask that it be held erroneous when considered apart from the remainder of the instructions. It is well settled that this cannot be done. The portion of the instruction complained of must be considered in the light of all the instructions; and when thus considered

it will be upheld, even though defective or inaccurate when considered alone, if the same is supplemented by other instructions fully and correctly stating the law. When viewed in this light we find no merit in appellant's contention.

Counsel for appellant next complains of another fragmentary portion of the charge as follows: "Negligence is not presumed from the mere fact that a person has sustained an injury, as an injury may be occasioned where both parties are exercising reasonable care and caution, and in such case the injury would be an unavoidable accident, or an injury for which no recovery could be had. Therefore, in order that the plaintiff may recover in this action, she must establish to your satisfaction by a fair preponderance of the evidence, that the defendant was guilty of negligence."

It is said that this instruction embodies an incorrect statement of the law in that it assumes that the plaintiff may recover, even though she was guilty of negligence contributing to the injury. A sufficient answer to such contention is, First, that contributory negligence is not pleaded or relied upon as a defense; and, second, there is no intimation in the record that plaintiff was not exercising due care at the time of the injury. It goes without saying that contributory negligence is a matter of defense which must be pleaded in order to be availed of, unless the complaint or plaintiff's evidence discloses such negligence. The instruction is, therefore, not vulnerable to the criticism offered.

Appellant also complains of that portion of the instructions relating to the elements of damage which the jury may consider. We have examined the instruction thus complained of and find no merit in appellant's contention. The authorities cited by appellant are not in point. The only other instruction complained of is as follows: "You cannot in any event give the plaintiff more than five thousand three hundred eighteen and five-one-hundredths dollars ($5,318.05), the amount asked for in the complaint; you can, however, give a verdict for that amount or any amount less than that to which you believe under the evidence the plaintiff is entitled."

It is said that this instruction is erroneous because it permits the jury to include in their verdict an item of $75 for future medical attendance. An inspection of the complaint discloses that the plaintiff claims the sum of $5,000 as general damages, and as special damages

an item of $210 expenses which she had necessarily incurred for medical attendance and treatment, and the further sum of $75, which it is alleged she will be compelled to pay for further medical assistance; and also the sum of $43.05 expenses necessarily incurred by her in going to and returning from her physician.

We think counsel for appellant are correct in their contention as to this item of $75. There is no proof in the record justifying such an allowance, nor do we think the recovery therefor can be sustained. Such expenses to be incurred in the future are altogether too uncertain and speculative, and we find no authority justifying their recovery. It does not follow, however, that the giving of such instruction alone necessitates a new trial, for the appellant is injured thereby only to the extent of such item, and the judgment may be reduced to the extent thereof.

This brings us to a consideration of the errors assigned relating to the denial of defendant's motion for a new trial. There are three grounds urged as a basis for the contention that the evidence is insufficient to support the verdict. First, it is asserted that there is no evidence that the hole in the sidewalk had existed for a period longer than three or four days prior to the accident; second, that it was a physical impossibility to produce the injury in the manner complained of; and, third, that there is no evidence to support the item of $75 heretofore referred to. We are agreed that the first and second grounds are without support. There is ample evidence from which the jury could find that the hole in question had existed since the fall of 1909, and the accident did not take place until the following spring.

The witness, Mrs. Miekeljohn, testified: "The sidewalk at that place had been in that condition the fall before she received her injury. I know it was the fall before, because I stepped in it myself. It was in the same condition the next spring." And again she testified: "I am certain I saw it in the fall of 1909, and that the same hole was there in the spring of 1910, and that it hadn't been fixed. I tied my horse to that post that spring frequently. If it had been fixed I certainly would have noticed it."

And the witness Kusha testified: "The sidewalk was in a broken condition. There was a plank out there. I couldn't say how long it had been broken before Mrs. Carpenter received her injury; it might have been two or three weeks; I don't know; I had seen it there a

number of times before. I had probably seen it more than three times, but I would not say."

The second ground urged is manifestly untenable. The fact that plaintiff was injured in the manner claimed has ample support in the proof. That the injury was received, and the character thereof, is beyond question, and it was certainly for the jury to say under the evidence whether such injury was caused by the hole in the sidewalk or in some other manner. We are certainly unwilling to say from the proof that the injury could not have happened in the manner testified to by plaintiff and her witnesses.

The third ground urged is, we think, well taken. As before stated, there is no proof in support of the item of $75 for future services of a physician, and to such extent the verdict and judgment are without support in the proof, and the judgment must, in any event, be reduced, at least to the extent of this item.

Was it error to deny defendant's motion for a new trial upon the ground that the damages awarded are excessive? This, to our minds, is the most serious point urged by appellant's counsel. One of the statutory grounds for granting a new trial is "excessive damages appearing to have been given under the influence of passion or prejudice." Sec. 7063, subd. 5, Rev. Codes 1905. In cases like the one at bar the measure of damages is the amount which will reasonably and fairly compensate the injured person for the detriment suffered as a proximate result of the injuries. The damages are unliquidated, and the legislature has wisely left to the triers of the facts the determination of the amount of such damages, and has not attempted to fix any precise and definite rule. In other words, the assessment of damages in such cases is committed to the sound judgment and discretion of the jury in the light of the particular facts and circumstances surrounding the injury as disclosed by the testimony. The jury in assessing the damages should take into consideration the age and condition in life of the plaintiff, the physical injury inflicted, the pain suffered, and the expenses necessarily and reasonably incurred in the treatment of the case, and any and all damages which the evidence discloses have resulted or are reasonably certain to result from the injury. Also whether such injury is permanent or merely temporary. The jury having determined such damages, the court cannot order a new trial because it deems them

excessive, unless it can clearly be said that the verdict of the jury is so grossly excessive that it manifestly appears that it must have been given under the influence of passion or prejudice. Until the contrary clearly appears, it must be presumed that the jury were fair-minded men and that the verdict expresses their honest judgment. It must also be presumed that in arriving at the verdict they were not influenced either by passion or prejudice; but where the verdict is so grossly excessive as to shock the sense of justice of the court and to compel it to conclude that the jurors must have been improperly influenced in arriving at the verdict, either by passion or prejudice, then, of course, such presumption disappears. While we realize that the jury and the trial judge had superior advantages which we do not possess of considering and weighing the testimony of the various witnesses, and while we are loath to disturb the verdict on such ground, especially in view of the fact that the trial judge, after due reflection and consideration, declined to disturb the verdict as excessive, our sense of justice impels us to the conclusion that it is our plain duty to hold that the trial court clearly abused its discretion in denying a new trial on such ground. Some decisions no doubt may be found holding, under similar facts, that such a verdict is not so excessive as to necessitate a new trial, but we venture the assertion that such precedents are scarce, and that the courts generally have refused to sustain such a verdict. In the nature of things, each case must present its own particular and controlling facts. No two cases are exactly alike. Therefore precedents are of but slight value on the question here involved. Some courts do not hesitate, when convinced that a verdict is excessive, to reduce the damages to such sum as it thinks proper; or grant a new trial in the event the plaintiff will not consent to accept such reduced amount. Other courts take the position that this is an encroachment upon the right to a jury trial, holding that where the verdict is so excessive as to clearly indicate passion and prejudice of the jury, the entire verdict is tainted and a new trial must be ordered. Of course, this applies only to cases like the one at bar, where the damages are unliquidated.

A correct statement of the different rules promulgated by the various courts is contained in 29 Cyc. pages 1022–1024, from which we quote: "Where, however, the damages sought are unliquidated, as in actions

for personal injuries, or other cases sounding in tort, where there is no positive criterion for determining what the damages ought to be, a difference of opinion exists as to the right of the trial court to give plaintiff the option of remitting the excess of damages or suffering a new trial. Some decisions unequivocally deny the right in actions for unliquidated damages. On the other hand, other courts have expressly extended the application of the doctrine to this class of cases, while still other cases have recognized the practice of allowing a remittitur, although the question of its propriety is not discussed. In most jurisdictions a remittitur to prevent a new trial is proper or permissible only where the excessive damages do not appear to have been given under the influence of prejudice or passion, and not where they appear to have been so given. In some of these decisions, a distinction is made between cases in which prejudice and passion appear to have affected the damages recovered only, in which remittiturs are permissible, and cases in which they may have influenced the findings on other issues, in which new trials must be granted absolutely."

In addition to the many authorities cited in support of the text in Cyc., we call attention to the following recent cases: Tunnel Min. & Leasing Co. v. Cooper, 50 Colo. 390, 39 L.R.A. (N.S.) 1064, 115 Pac. 901, Ann. Cas. 1912C, 504; Chicago, R. I. & P. R. Co. v. Brandon, 77 Kan. 612, 95 Pac. 573; Kerling v. G. W. Van Dusen, & Co. 113 Minn. 501, 129 N. W. 1048; Harrington v. Butte, A. & P. R. Co. 39 Mont. 22, 101 Pac. 149; Beller v. Levy, 68 Misc. 182, 124 N. Y. Supp. 411; Doyle v. Southern P. Co. 56 Or. 495, 108 Pac. 201; Southwestern Teleg. & Teleph. Co. v. Gehring, — Tex. Civ. App. —, 137 S. W. 754; Western U. Teleg. Co. v. Skinner, — Tex. Civ. App. —, 128 S. W. 715; Beach v. Bird & W. Lumber Co. 135 Wis. 550, 116 N. W. 245; Gila Valley, G. & N. R. Co. v. Hall, 13 Ariz. 270, 112 Pac. 845, 1 N. C. C. A. 362; Ewing v. Stickney, 107 Minn. 217, 119 N. W. 802; Hanson v. Henderson, 20 S. D. 456, 107 N. W. 670; Davis v. Holy Terror Min. Co. 20 S. D. 399, 107 N. W. 374.

In the case last cited the South Dakota court, while holding that it was unable to conclude that the amount of the verdict clearly indicated the influence of passion or prejudice, and therefore refused to disturb the verdict, it adhered to the rule previously announced in that court in Murray v. Leonard, 11 S. D. 22, 75 N. W. 272, to the effect that the

amount of damages assessed "must express the honest judgment of fair-minded men, and if the recovery is so excessive as to clearly indicate that it was given under the influence of passion or prejudice, a new trial should be granted in order that the estimation may be made by a competent tribunal. Rev. Code Civ. Proc. § 301, subd. 5; Murray v. Leonard, supra."

In Tunnel Min. & Leasing Co. v. Cooper, 50 Colo. 390, 39 L.R.A. (N.S.) 1064, 115 Pac. 901, Ann. Cas. 1912C 504, the supreme court of Colorado bases its decision upon a statute similar to our Code provision above cited, making it a ground for granting a new trial that the damages are excessive, appearing to have been given under the influence of passion or prejudice. We quote from the opinion: "Whatever the rule may be in other jurisdictions, in this state it is settled, in the case of F. M. Davis Iron Works Co. v. White, 31 Colo. 82, 71 Pac. 384, in a well and carefully considered opinion, upon a comprehensive review of all the decisions to this point, that where in an action for damages for personal injuries, and in other like actions, the verdict is excessive, and is returned as a result of passion or prejudice, it is beyond the power of the trial court to allow a remittitur of the excess, and enter a judgment for the residue, but that the verdict must be set aside and a new trial granted. The conclusion of the court in that case, in an opinion by Chief Justice Campbell, was stated in this emphatic and unmistakable language: 'The result of our conclusion is—and that is the only point which we decide—that, under our Code, where, in an action for personal injuries, and others standing on like grounds, a verdict is excessive, and was returned as the result of passion or prejudice upon the part of the jury, it should be set aside in its entirety and a new trial awarded, and that it is beyond the power of the trial court to order a remittitur as to the part which it deemed excessive and enter judgment for the residue, because the entire verdict is vitiated by the improper motive, and it is impossible for the court to determine that any particular part is free from objection and some other part is bad. The learned district judge, upon first impression, was of opinion that the verdict should be set aside in its entirety, but upon subsequent investigation concluded that the power to order a remittitur, though not strictly one that was inherent in the court, might nevertheless be exercised if the plaintiff consent, because the reduction

of the verdict is in favor of the defendant and therefore he is not in a position to complain. This reason, at first blush plausible, is the one often given. The injury to the defendant in such circumstances does not consist in the mere striking from a verdict of a portion of it, but in entering judgment against him for any part of a verdict the whole of which is vitiated by improper motives of a jury. The judgment should be reversed and the cause remanded, and it is so ordered.'

"So that, if it can be fairly seen and held that the jury here re-turned an excessive verdict, influenced by passion or prejudice, or from any wrongful motive, a new trial must be granted, as it is a just inference that a finding for the plaintiff at all may have been brought about by improper considerations.

"The legislature has given to a losing party an absolute right to a new trial, when he brings his cause within any of the seven stated grounds for which new trials are to be granted under the Code. The provision upon which the court acted in allowing the remittitur in this case, and which ground, among others, was relied upon by defendant for a new trial, reads thus:

" 'Fifth. Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice.'

"It is apparent that trial courts here, under this provision, no longer have power to set aside verdicts because simply excessive, but can only do so when it is also found that the excess award is due to passion or prejudice. When the finding is that the verdict was so reached, a new trial must be granted, as it is then beyond the power of the court to permit a remittitur of a portion of the verdict and enter a judgment for such sum as in its judgment the jury should have returned."

The Kansas court holds to the rule that the court may require a re-mittitur unless it appears that the excessive amount was allowed through passion or prejudice, in which case a new trial must be granted.

The Minnesota court in Ewing v. Stickney, 107 Minn. 217, 119 N. W. 802, said: "Where the award of damages in any case is so excessive as to indicate that they were given under the influence of passion or prejudice, and the circumstances as disclosed by the evidence are such as to show a fair probability that the jury were influenced by the same passion or prejudice in determining other issues that induced them to give excessive damages, a new trial should be granted absolute-

ly, instead of reducing the damages. Goss v. Goss, 102 Minn. 346, 113 N. W. 690,"—thus recognizing the power of the court to reduce the plaintiff's recovery, even though passion or prejudice clearly appears to have actuated the jury in fixing the damages, provided it does not appear that in deciding the other issues they were actuated by either passion or prejudice.

The Wisconsin court in Beach v. Bird & W. Lumber Co. 135 Wis. 550, 116 N. W. 245, seems to extend the rule still farther, and holds that even in cases where an excessive verdict has been returned through prejudice or other cause, the court has the power to fix a minimum amount which the plaintiff may accept, and a maximum amount which the defendant may accept, in lieu of a new trial.

In Gila Valley, G. & N. R. Co. v. Hall, the Arizona court holds: "The trial court has undoubted power to determine whether the verdict is or is not excessive, and in considering the question usually determines in its own mind the maximum amount for which a verdict could with propriety be permitted to stand. Where there has been no error of law committed which would require a retrial, and it appears that the excessive verdict has resulted from too liberal views as to the damages sustained, rather than from prejudice or passion, to permit a remission of the excess, instead of putting the parties to the expense of a new trial, promotes justice and puts an end to the litigation. Of course, if it appears that the verdict is tainted by prejudice or passion, and does not represent the dispassionate judgment of the jury upon the question of the right of the plaintiff to recover, a new trial should be granted. But we think that the trial court is in a better position to determine whether the verdict is so tainted than is this court, and that unless it clearly appears from the record that the excessive verdict resulted from prejudice or passion, rather than from that liberality which jurors sometimes exercise in cases which appeal to men's sympathies, we should accept the trial court's determination."

In the case at bar we are not called upon to announce a rule in cases such as the last case from which we quote, nor is it necessary to decide which of the above rules we should adopt for this jurisdiction in cases in which it does not appear probable that the jury, in arriving at the verdict, was influenced by passion or prejudice as to issues other than the assessment of damages; nor do we here intimate what such

rule should be. It will be time enough to announce a rule in such cases when they arise. We are agreed that the facts in the case at bar bring it squarely within the rule of most jurisdictions requiring a new trial absolutely, instead of a conditional order for a new trial in the event plaintiff will not remit a specified portion from the recovery. The record is such as convinces us that there is a fair probability that the jury, in arriving at the verdict, were influenced by the same passion or prejudice in determining other issues that induced them to give excessive damages. This being true, we have no alternative but to order a new trial, to the end that the issues may be decided by an unprejudiced and unbiased jury.

The amount of the verdict, in view of the facts, certainly shocks the sense of justice of this court. The record discloses that about a month after this accident the plaintiff filed with the board of trustees a claim for damages on account of her injuries in the sum of but $1,000. True, it does not appear that at that time she knew the full extent of her injuries or that they might prove to be permanent, but it is fair to assume that she did not at that time consider her injuries very severe. In such cases an important element of damages usually is a diminution in earning capacity. Yet in this case there is neither allegation nor proof that this plaintiff has suffered or will suffer any damages in this respect. In this connection we quote from an opinion of Judge Mitchell in Kennedy v. St. Paul City R. Co. 59 Minn. 45, 60 N. W. 810, 12 Am. Neg. Cas. 154, involving an injury quite similar to the one in the case at bar: "The jury awarded plaintiff $3,100, made up, as we assume, of $50 for damage to his wagon, $50 for his physician's bill, and $3,000 for the injury. Conceding that the evidence establishes the fact that the ankle will be permanently weaker than before, there is no evidence that this does or will diminish plaintiff's earning capacity, or at all interfere with his going about his business, or with his walking in any usual or ordinary way. If $3,000 is to be allowed for such an injury, at what sums shall the loss of a foot, a hand, a leg, or arm be estimated? At the same ratio such losses would warrant recoveries far beyond any precedent, and which would be liable to bankrupt any business in the country. The proper test is not what counsel for plaintiff suggested on the argument, viz., for what sum would anyone be willing to suffer such an injury. Most

people would be unwilling to lose a limb for all the gold of the world. But the law does not assume to compensate injured persons on any such basis. There is a sense in which no amount of money will compensate a man for a serious, permanent personal injury. But all the law attempts to do is to compensate him as far as money will do it; and for manifest, practical considerations, there must be some reasonable limits to the amount of this compensation."

Having reached the conclusion that a new trial must be granted, we need not consider the action of the trial court in refusing to grant a new trial upon the ground of newly discovered evidence.

The judgment and order appealed from are reversed and a new trial ordered.